UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAPHNE FLEMING AND BRINTNEY JONES | CIVIL ACTION NO.: |
| Plaintiff, | SECTION: |
| vs. | MAGISTRATE: |
| ELLIOTT SECURITY SOLUTIONS, LLC; IAN KENNARD AND DARRIN ELLIOTT, SR. | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Plaintiffs, Daphne Fleming and Brintney Jones, ("Plaintiffs") bring this action for unpaid wages against Defendants, Elliott Security Solutions, LLC, Ian Kennard and Darrin Elliott, Sr., individually, ("Defendants"), on behalf of themselves and an FLSA Collective Action class due to Defendants' failure to pay them and similarly situated employees federally-mandated minimum wages and/or overtime for every hour they worked for Defendants in violation the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. In addition, Plaintiffs also assert individual claims for unpaid final wages pursuant to the Louisiana Final Wage Payment Act, 23:631, et seq.

### JURISDICTION

2. Jurisdiction is conferred upon this Honorable Court by 29 U.S.C. §216(b), this action arising under the FLSA; by 28 U.S.C. §1337, this action arising under Acts of Congress

1

regulating commerce; and by 28 U.S.C. §1331, this action involving questions of federal law. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff, Daphne Fleming, is a resident of the Parish of Orleans, State of Louisiana, who worked for Defendants performing security guard services for Defendants' security guard business.

5. Plaintiff, Brintney Jones, is a resident of the Parish of Jefferson, State of Louisiana, who worked for Defendants performing security guard services for Defendants' security guard business

6. Named Defendants herein are:

> (a) Elliott Security Solutions, LLC, a Louisiana limited liability corporation authorized to and doing business in the Parish of Orleans, State of Louisiana

> (b) Defendant Ian Kennard is an owner of Elliott Security Solutions, LLC and is named as a joint employer in this action.

> (c) Defendant Darrin Elliott, Sr. is an owner of Elliott Security Solutions, LLC and is named as a joint employer in this action.

## FACTUAL BACKGROUND

7. Plaintiffs Fleming and Jones were hired by Defendants to work as a security guard in connection with Defendants' business providing security guard services in the New Orleans area.

8.  At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9.  At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiffs were the "employees" of Defendants within the meaning of FLSA.

11. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

13. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

14. Defendants have a payroll policy whereby they deduct the following expenses from employees' paychecks:   uniforms, state licensing fees, and other "miscellaneous" expenses.

15. These deductions reduce employees' wages below the federally mandated $7.25 per hour for every hour worked during one or more pay periods while they work for Defendants.

16. Accordingly, these deductions are in direct violation of the FLSA.

17. In addition, Defendants have a policy of improperly obtaining "kickbacks" from employees, including the Plaintiffs and the putative class, because, after deducting the cost of uniforms from their pay, they mandate that employees return those uniforms upon

cessation of working for Defendants in order to receive their final wages.  (Defendants'
do not refund the costs of these uniforms to Plaintiffs upon their return.)

18. This policy is in direct violation of the FLSA's prohibition on kickbacks to employers
from employees' pay.

19. Defendants also routinely fail to pay employees, including Plaintiffs and the putative
class, at a rate of one and one-half times their regular rate of pay for all hours worked in
excess of 40 per week, and instead pay them "straight time" regardless of the number of
hours worked per week in direct violation of the overtime provisions of the FLSA.

20. Finally, Defendants regularly and routinely fail to pay employees on time, including
failing to pay the Plaintiffs and the putative class on time.

21. Under the FLSA, "late payment" is akin no payment, and for each late paycheck
received, Plaintiffs and the putative class are entitled to an equal amount of pay as
liquidated damages.

## JOINT EMPLOYER ALLEGATIONS

22. All previous paragraphs are incorporated as though fully set forth herein.

23. Defendants are in the business of furnishing security guards to persons and businesses in
the New Orleans area.

24. Defendants Ian Kennard and Darrin Elliott, Sr. are the owners of Elliott Security
Solutions, LLC and are directly responsible for its hiring and termination of employees,
its scheduling policies and its payroll policies.

25. Through the implementation of these policies, Defendants controlled the time, manner
and place where Plaintiffs worked. Plaintiffs had no control over the location where they

worked for each shift, how long they worked for each shift or the manner in which they performed their work.  This was determined by Defendants collectively.

26. Pursuant to 29 C.F.R. § 791.2, Defendants constitute Plaintiffs' "joint employers" under the FLSA and therefore "all of the employee['s] work for all of the joint employers during the workweek is considered as one employment for purposes of the Act."

## COLLECTIVE ACTION FEDERAL LAW CLAIMS: VIOLATION OF THE FLSA

## COLLECTIVE ACTION ALLEGATIONS

27.  Plaintiffs bring the claims for unpaid minimum wages and/or overtime asserted herein as a collective action pursuant to the FLSA, 29 U.S.C. §216(b) on behalf of all hourly employees who worked for Defendants who: (1) were not paid at the federal minimum wage rate for all hours worked and/or who were not paid overtime for all hours worked in excess of 40 per week due to Defendants' unlawful deductions and withholdings from their paychecks and/or Defendants' deliberate failure to pay them at a rate one and one-half times their regular rate of pay for hours worked in excess of 40 per week; (2) were subjected to Defendants' unawful "kickback" scheme whereby they were forced to purchase uniforms from Defendants, but had to return them upon cessation of employement, but did not receive any refund for their cost of purchase; and (3) who were subjected to one or more periods where they did not receive their paychecks on time and are therefore entitled to liquidated damages in the amount of each paycheck untimely paid.

28. Plaintiffs' claims for violations of the FLSA's overtime may be brought and maintained as an "opt-in" collective action pursuant to the FLSA, for the unpaid minimum wage and

overtime claims asserted by Plaintiffs are similar to the claims for unpaid minimum wages and overtime wages of the members of the proposed Collective Action Class.

29. Members of the proposed Collective Action Class are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work without federally-mandated compensation.

30. Plaintiffs are representative of those other current and former employees and are acting on behalf of their interests as well as Plaintiffs' own interests in bringing this action.

31. Plaintiffs will fairly and adequately represent and protect the interests of the members of the proposed Collective Action Class. Plaintiffs have retained counsel competent and experienced in complex employment class action and collective action litigation.

32. These similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

33. These similarly situated employees may readily be notified of this action, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs under the FLSA.

## COUNT I: FAILURE TO PAY MINIMUM WAGE AND OVERTIME

34. All previous paragraphs are incorporated as though fully set forth herein.

35. While working for Defendants, Defendants made a series of deductions from Plaintiffs' and the FLSA Collective Action Plaintiffs' pay.

36. In addition, Defendants received improper "kickbacks" from Plaintiffs and the FLSA Collective Action Plaintiffs' pay.

37. On the basis of these deductions and kickbacks, Plaintiff and the FLSA Collective Action Plaintiffs' pay was reduced to below the federal minimum wage rate and/or resulted in them not receiving one and one-half times their regular rate of pay for each and every hour that they worked in excess of 40 per week.

38. In addition, Defendants regularly and routinely paid Plaintiffs and the FLSA Collective Action Plaintiffs at their regular rate of pay when they worked in excess of 40 hours per week, despite the fact that under the FLSA, Plaintiffs and the FLSA Collective Action Plaintiffs were to be paid at one-and-one-half times their regular rate of pay for all hours so worked.

39. Defendants were joint employers covered by the minimum wage and overtime mandates of the FLSA, and Plaintiffs and the FLSA Collective Action Plaintiffs are entitled to the FLSA's minimum wage and overtime protections.

40. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

41. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiffs and the FLSA Collective Action Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

42. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

43. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the FLSA Collective Action Plaintiffs at the federally-mandated minimum wage rate and to properly pay them time and one half for all hours worked in excess of 40, when they knew, or should have known, such was and is due.

44. Defendants have failed to properly disclose or apprise Plaintiffs and the FLSA Collective Action Plaintiffs of their rights under the FLSA.

45. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs and the FLSA Collective Action Plaintiffs suffered lost compensation in the amount of the difference between what they were paid by Defendants and the federally-mandated minimum wage and/or an amount equal to one and one-half times their rate of pay for each hour worked in excess of 40, plus liquidated damages.

46. Plaintiffs and the FLSA Collective Action Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II: FAILURE TO PAY LIQUIDATED DAMAGES DUE TO LATE PAYMENT OF OVERTIME

47. All previous paragraphs are incorporated as if fully set forth herein.

48. On one or more occasions during the applicable time period, Defendants paid Plaintiff and the FLSA Collective Action Plaintiffs after the date on which their pay was legally and lawfully due.

49. Under the FLSA, minimum wages and overtime wages are due and owing at the time they are earned, and if an employer does not timely pay these wages, that employer owes its employee liquidated damages under the FLSA for the delay in payment.

50. Defendants did not pay their employees liquidated damages for the wages that they were owed, but not timely paid.

51. Accordingly, Defendants owe Plaintiff and the FLSA Collective Action Plaintiffs an equal amount as liquidated damages, as well as attorneys fees and costs.

## CONSENT

52. Plaintiffs' consent to file this Complaint is evidenced by their signatures on the FLSA Consent Forms that are attached hereto as Exhibit "A" *in globo*.

## ATTORNEY'S FEES

53. Plaintiffs are entitled to an award of prevailing party attorney's fees pursuant to the FLSA 29 U.S.C. § 201-209.

## COUNT III: FAILURE TO PAY FINAL WAGES
### (Plaintiffs' Individual Claim)

54. All previous paragraphs are incorporated by reference herein.

55. As a result of Defendants' pay policies, Plaintiffs were not paid their hourly rates of pay in excess of minimum wage for each hour that they worked.

56. They have repeatedly made demand on Defendants for their unpaid wages; however, they have yet to be paid in full.

57. Under La. R.S. 23:631, et seq., an employer must pay its employee all final wages on the earlier of the next regular payday or within fifteen days of that employee's resignation or termination. Failure to do so will make the employer liable for penalties in the amount of one days' wages for up to 90 days and mandatory attorneys fees and costs.

58. Due to Defendants' failure to pay Plaintiffs their final wages in full upon demand, Plaintiffs Fleming and Jones are entitled to recover the difference between their unpaid wages and the federal minimum wage, penalty wages and attorney's fees and costs.

9

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Daphne Fleming and Brintney Jones, pray that Defendants, Elliott Security Solutions, LLC, Ian Kennard and Darrin Elliott, Sr., be duly served with a copy of this Complaint and that after due proceedings are had, that there be judgment rendered herein in favor of Plaintiffs and the FLSA Collective Action Plaintiffs and against Defendants for all damages reasonable in the premises, and demands the following:

a.    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum wage and overtime provisions of the FLSA;

b.    An injunction prohibiting Defendants from engaging in future pay violations;

c.    Awarding Plaintiffs and the FLSA Collective Action Plaintiffs an amount equal to the federal minimum wage rate for all hours worked for Defendants and an amount equal to one and one-half of their hourly wage for **_all_** hours of overtime they worked in excess of 40 per week;

d.    Awarding Plaintiffs and the FLSA Collective Action Plaintiffs liquidated damages in an amount equal to the minimum wage and overtime wages award;

e.    Awarding Plaintiffs and the FLSA Collective Action Plaintiffs reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f.    Awarding Plaintiffs the full amount of their unpaid final wages;

g.    Awarding Plaintiffs 90 days' penalty wages as set forth in the FWPA;

h.    Awarding Plaintiffs attorney's fees and costs as set forth in the FWPA; and

i.    Awarding pre-judgment interest and all other interest to which they are entitled.

/s/ *Jody Forester Jackson*

Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F:  (888) 988-6499
E: jjackson@jackson-law.net
    mjackson@jackson-law.net
Attorneys for Plaintiffs

**PLEASE SERVE:**

Elliott Security Solutions, LLC
Through its registered agent:
Darrin Elliot, Sr.
4650 General DeGaulle Dr., Ste 215
New Orleans, LA 70131

Ian Kennard, individually,
Wherever he may be found

Darrin Elliott, Sr., individually
Wherever he may be found