## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAPHNE FLEMING AND BRINTNEY JONES** | **CIVIL ACTION NO.  2:19-CV-02348-GGG-KWR** |
| **VERSUS** | **JUDGE GREG G. GUIDRY** |
| **ELLIOTT SECURITY SOLUTIONS, LLC, IAN KENNARD, AND DARRIN ELLIOTT, SR.** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AND ALTERNATIVE 12(e) MOTION FOR MORE DEFINITE STATEMENT

**MAY IT PLEASE THE COURT:**

Defendants, Elliott Security Solutions, LLC ("Elliott"), Ian Kennard ("Kennard"), and Darrin Elliott, Sr. ("Elliott, Sr."), (collectively, "Defendants") respectfully submit this memorandum in support of their Rule 12(b)(6) Motion to Dismiss and an Alternative Rule 12(e) Motion for More Definite Statement concerning the claims asserted by Plaintiffs, Daphne Fleming ("Fleming") and Brintney Jones ("Jones"), (collectively, "Plaintiffs") individually and behalf of others similarly situated.[1]

Federal courts routinely hold that vague and conclusory allegations [like those asserted by Plaintiffs in the Complaint] of violations of the Fair Labor Standards Act ("FLSA"), are insufficient to state a claim for relief.  The question in this case is whether deductions for uniforms, state licensing fees, and other "miscellaneous" expenses are unlawful. *See* R. Doc. 1 at ¶ 14.  With respect to this discrete issue, Plaintiffs fail to plead the basic elements of any illegal pattern or practice that would violate the FLSA.   Plaintiffs' individual and collective claims against Defendants should be dismissed *with prejudice* pursuant to Rule 12(b)(6).  Alternatively, because

---

[1] Defendants reserve all rights, objections, privileges and exceptions.

1

the allegations in the Complaint actually harmonize with applicable state and federal regulatory schemes, Defendants pray this Court would order Plaintiffs to provide a more definite statement of their claims in accordance with Federal Rule of Civil Procedure Rule 12(e).

## I.    FACTS AS ALLEGED IN THE COMPLAINT

Plaintiffs allege they "worked for Defendants providing security guard services for Defendants' security guard business." R. Doc. 1 at ¶3. Plaintiffs allege Defendants violated the FLSA by improperly deducting uniform, state licensing, and other miscellaneous expenses from employees' paychecks, such that "these deductions reduce employees' wages below the federally mandated $7.25 per hour…" R. Doc. 1 at ¶15. Plaintiffs allege Defendants have a "kickback" policy of "improperly obtaining 'kickbacks' from employees, including the plaintiffs and the putative class, because, after deducting the cost of uniforms from their pay, they mandate that employees return those uniforms upon cessation of working for Defendants in order to reserve their final wages." R. Doc. 1 at ¶17. *Id.* at 3-4. Finally, Plaintiffs argue Defendants fail to pay overtime wages and fail to pay employees in a timely matter. *Id.* at ¶¶ 19-20. Notably, Plaintiffs make no mention of the Federal Regulations and Louisiana Revised Statutes that permit the deductions alluded to here. Accordingly, Plaintiffs' allegations fail to state a cause of action individually, or on behalf of other similar situated employees under the FLSA and La. R.S. 22:631 *et seq*. The Complaint should be dismissed in its entirety.

## II.    STANDARD OF REVIEW

### A.    Rule 12(b)(6) Motion to Dismiss.

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate. The Supreme Court concludes a court should not maintain a complaint that fails to set forth a plausible basis concerning all material elements necessary to sustain recovery under some viable

2

PD.26556026.5

legal theory.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face."  *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level.  The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly,* 550 U.S. at 555 (citations and quotations omitted).

To defeat a 12(b)(6) motion to dismiss, a complaint must "contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citations omitted).  "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief."  *Id*.  The issue before the Court is whether the substantive nature of the allegations in the Complaint are such that Plaintiffs are "entitled to offer evidence to support [their] claim."  *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).  Therefore, plaintiffs must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Even accepting the allegations in the Complaint as true for the purposes of this motion, Plaintiffs have not and cannot state a claim upon which relief can be granted because they have not adequately pled any FLSA violations, nor have they adequately pled collective action.  Likewise, these allegations do not state a violation of state law.  As such, all of the claims set forth in the Complaint should be dismissed *with prejudice*.

      **B.**        **Rule 12(e) Motion for More Definite Statement.**

3

Alternatively, when "a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). A Rule 12(e) motion may also be granted "if a pleading fails to specify the allegations in a manner that provides sufficient notice." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Because this Complaint contains conclusory allegations that are not supported by facts, Defendant is "expected to move the court, pursuant to Rule 12(e), to require the Plaintiff to file a more definite statement." *Anderson v. District Bd. of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Sisk v. Texas Parks & Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981).[2] Because Plaintiffs' allegations are unfocused and hollow, Defendants pray the Court would order Plaintiffs to file a more definite statement if this Court determines Plaintiffs' claims are not ripe for dismissal under Rule 12(b)(6).

## III.     ARGUMENT

### A.     Plaintiffs Have Not Pled A Violation of The FLSA.

Section 207(a) of the FLSA generally requires employers to provide non-exempt employees who work more than forty hours per week overtime pay at a rate of one and one-half times an employee's "regular rate." 29 U.S.C. § 207. A plaintiff alleging a violation of the FLSA's overtime or minimum wage requirements must allege with sufficient factual specificity: (1) that

---

[2]     Courts in this district consistently grant Rule 12(e) motions to ensure that a defendant receive fair notice of a plaintiff's claim(s) against it. *See Johnson v. Danzig*, No. 00-2369, 2001 U.S. Dist. LEXIS 7053 (E.D. La. May 22, 2001). A court may dismiss the complaint with leave to amend or order the plaintiff to provide claims and factual allegations within a specified period of time. *See Edwards v. Allstate Prop. & Cas. Co.*, No. 04-2434, 2005 U.S. Dist. LEXIS 1291 (E.D. La. Jan. 27, 2005). Dismissal *with prejudice* is appropriate if a plaintiff does not provide a more definite statement that complies with Rule 8 of the Federal Rules of Civil Procedure, which requires a "short and plain statement" of plaintiff's claims. *See e.g., Matthews v. Social Security of La.*, No. 01-2267, 2001 U.S. Dist. LEXIS 9655 (E.D. La. May 20, 2002); *Frito-Lay, Inc. v. WAPCO Constructors, Inc.*, 520 F.Supp. 186, 188 (M.D. La. 1981). The Fifth Circuit has affirmed dismissals of complaints when plaintiffs have failed to provide more definite statements of claims. *See Beanal*, 197 F.3d at 164.

4

there existed an employer-employee relationship during the unpaid overtime or minimum wage periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime or minimum wage compensation due. *See Mejia v. Brothers Petroleum, LLC*, No. 12-2842, 2015 U.S. Dist. LEXIS 74339 at *10 (E.D. La. June 9, 2015); *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627 (5th Cir. 2014). More importantly, a plaintiff satisfies FLSA pleading requirements by alleging sufficient facts to put the defendant on notice as to the "approximate date ranges, as well as the approximate number of hours worked," for which the plaintiff claims he was un- or under-compensated. *England v. Administrators of the Tulane Educational Fund*, No. 16-3184, 2016 U.S. Dist. LEXIS 152550 at *9 (E.D. La. Jul. 19, 2016) (*quoting Mejia*, 2015 U.S. Dist. LEXIS 74339 at *19-20)). This case should be dismissed because Plaintiffs have not alleged these mandatory facts.

Plaintiffs' conclusion (at ¶ 14 and ¶ 27 of the Complaint) that Defendants violated the FLSA by deducting expenses for uniforms, state licensing fees, and other "miscellaneous" expenses, and by not paying minimum wages and/or overtime wages cannot survive Rule 12(b)(6) scrutiny. *See* R. Doc. 1 at ¶ ¶ 14, 27. Rather, a plaintiff asserting a claim for either overtime or minimum wages must allege that, *in a specific work week*, he or she worked more than forty hours without being compensated for overtime or minimum wage hours during that particular workweek. *See Coleman v. John Moore Services, Inc.*, 2014 U.S. Dist. LEXIS 1501 at *2 (S.D. Tex. Jan. 7, 2014) (dismissing allegations that plaintiff worked forty hours during "one or more weeks" and that during "one or more weeks" the employer failed to pay overtime because there was no factual context to allow the court to determine if the plaintiff actually worked uncompensated overtime hours). Paragraphs 14, 15, 17, 27, and 37 do not allege sufficient facts to put Defendants on notice

5

as to the date ranges, specific weeks and approximate hours that are at stake here.  Plaintiffs' failure to allege these mandatory facts falls short of the pleading standard imposed by *Iqbal* and *Twombly* and is fatal to the Complaint.[3]    This fact is especially important in this case because unique regulatory schemes apply to this private armed security Defendant, and those schemes expressly contemplate myriad permissible deductions.  *See* La. R.S. 37:3290(D); *see* La. R.S. 37:3286; *see also* 29 C.F.R. § 531.35; *and* 26 C.F.R. § 531.3(d)(2).

Defendants are entitled to know specific facts about how these alleged deductions violated the law.  *Meijia*, 2015 U.S. Dist. LEXIS 74339 at *10.  The generalized notion that Plaintiffs "worked for Defendants"[4] and were not paid minimum and overtime wages is nothing more than a threadbare recitation of the standard for imposing FLSA liability.  For example, the allegations at paragraphs 7 through 21 of the Complaint do not explain whether or how Plaintiffs received less than the minimum wage or less than one and one-half times the regular rate as required by 29 U.S.C. §207.  *See* R. Doc. 1 at ¶¶ 7-21.  This failure was inevitable because Plaintiffs made no attempt to allege the time period and the approximate number of hours arguably at issue in this case.  *Id.*  Plaintiffs do not identify how they were classified by Defendants, what their specific job duties were, what their hourly wages or salaries were, or whether they were full time or part time

---

[3] *See Landers v. Quality Commc'ns, Inc.,* 771 F.3d 638, 645 (9th Cir. 2014); *Dejesus v. HF Management Services, LLC*, 726 F.3d 85, 89 (2d Cir. 2013) (allegation that in "some or all weeks [plaintiff] worked more than forty hours a week without being paid 1.5 times her rate of compensation" not sufficient); *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (affirming dismissal where plaintiff failed to identify a single workweek composed of at least forty hours and uncompensated time in excess of forty hours in that same workweek); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (allegations were "little more than a paraphrase of the [FLSA] statute" where complaint lacked examples of unpaid time, a description of the work performed during the alleged overtime period, or estimates of the overtime amounts owed); *Davis v. Abington Memorial Hospital*, 765 F.3d 236, 242 (3d Cir. 2014) (allegations that plaintiffs worked between thirty-two and forty hours per week but frequently worked "extra time" not sufficient); *Fernandez v. JaniKing Int'l, Inc.*, No. 17-1401, 2018 U.S. Dist. LEXIS 13300, at *11 (S.D. Tex. Jan. 8, 2018) (dismissing allegations that plaintiff worked more than forty hours in at least one workweek during the three years before the complaint was filed and that they were not paid one and one-half times their regularly hourly rate for those hours; "District Courts generally require plaintiffs to include more than generalized and conclusory allegations that they have worked in excess of forty hours a week.").

[4] *See* R. Doc. 1 at 2.

6

employees.  These vague allegations fall far short of the pleading standard.  *See Coleman*, at *2.

Critically, Plaintiffs' failure to pinpoint *even one workweek* in which they worked over forty (40)

hours per week and were not compensated is independently fatal to their overtime claims.  *See*

*England*, 2016 U.S. Dist. LEXIS 152550 at *9.  Moreover, the remainder of Plaintiffs' allegations

concerning "miscellaneous" expenses are completely void of any factual context that can form the

basis of any FLSA violation – especially when consideration is given to Title 37 of the Louisiana

Revised Statutes.  Vague and conclusory allegations like those present in the Complaint are

routinely dismissed by federal courts.

For example, in *England*, the complaint alleged the plaintiff "'routinely worked overtime

hours and met Tulane's own definition of a full-time employee, averaging over thirty-seven and a

half (37.5) hours per week," and that "Tulane did, in fact, pay Mr. England some overtime but still

owes for numerous hours despite amicable demand.'"  2016 U.S. Dist. LEXIS 93842 at *7. But

the court found the *England* allegations lacked appropriate specificity:

> These allegations fail to put Defendant on notice of the approximate date ranges
> and approximate number of hours worked for which Plaintiff claims he was under-
> compensated. While Plaintiff alleges that he worked for Defendant from 2012 to
> 2015, he fails to provide specific dates of employment.  Further, Plaintiff does not
> allege the approximate hours he worked in each work week. Plaintiff claims that
> Defendant paid some of the required overtime, but he does not allege how much
> Defendant still owes.

*Id*. at 7-8.

Similarly, in *Coleman v. John Moore Services, Inc.*, the complaint alleged only that

"[d]uring one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess

of forty (40) hours" and that "[d]uring one or more weeks . . . Defendant failed to pay Plaintiff"

the overtime rate.  2014 U.S. Dist. LEXIS 58695 at *2 (S.D. Tex. Apr. 28, 2014).  Like the Court

in *England*, the *Coleman* court held that "more is required of a plaintiff than an 'all-purpose

pleading template' with allegations providing no factual context and no way for the court to

7

determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action." *Id.* at 10. *See also DeJesus*, 726 F.3d at 88-91.

As in *England* and *Coleman*, Plaintiffs' allegations for unpaid minimum and overtime wages are lacking. The Complaint alleges that "Defendants regularly and routinely paid Plaintiffs and the FLSA Collective Action Plaintiffs at their regular rate of pay when they worked in excess of 40 hours per week." R.Doc.1 at 7. However, Plaintiffs do not identify the pay period, actual or estimated amounts of unpaid time, or even the year in which the alleged violations supposedly occurred. In fact, aside from stating their job titles as security guards, Plaintiffs provide *no* information about what work was actually performed, when it was performed, or any other facts that may indicate that they are actually entitled to overtime compensation. *See* R.Doc. 1. All of the aforementioned information is necessary to state a claim under the FLSA, however. And because courts routinely dismiss FLSA complaints that make *substantially more* detailed allegations than those made here, a similar dismissal should follow herein.[5]

### B. Plaintiffs Have Not Adequately Pled a Collective Action Under the FLSA.

There are two requirements to proceed as a collective FLSA action: (1) all plaintiffs must be similarly situated, and (2) a plaintiff must consent, in writing, to take part in the suit. *Wischnewsky v. Coastal Gulf & Int'l, Inc.*, 2013 U.S. Dist. LEXIS 62965 at \*9 (E.D. La. May 2, 2013). Although the FLSA does not define "similarly situated," courts have held that plaintiffs must allege facts sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or practice that violates the law. *Id.* Similarity is substantially infirm in this case,

---

[5] *See, e.g., Pruell*, 678 F.3d at 14 ("Yet even the amended complaint does not provide examples let alone estimates as to the amounts of such unpaid time for either plaintiff or describe the nature of the work performed…"); *Coleman*, 2014 WL 51290, at \*4 ("It is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA … our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations."); *Landers*, 771 F.3d at 646 (upholding dismissal where plaintiff alleged misleading pay scheme and falsified payroll records but failed to allege a single workweek in which plaintiff worked more than forty hours and was not compensated accordingly).

PD.26556026.5

because Plaintiffs do not identify the number of workers who allegedly fall within the putative class. Plaintiffs vaguely attempt to assert a collective action "on behalf of all hourly employees who worked for Defendants" who were subject to allegedly improper pay policies. R. Doc. 1 at 5. Plaintiffs fail to identify the approximate number or the identities of the putative collective action members. A collective action complaint under the FLSA must, at a minimum, give the defendant fair notice of the putative class. Plaintiffs' Complaint, however, clearly falls short, because there is *no* description of the putative class whatsoever. Notably, federal courts have dismissed collective action complaints which provided significantly more detail than that provided in the Complaint herein. *See Creech v. Holiday CVS, LLC*, 2012 U.S. Dist. LEXIS 144838 at *7-8 (M.D. La. Sep. 26, 2012) ("The Court finds that the collective action allegations lack the level of factual specificity required to survive a Rule 12(b)(6) motion. Although the Complaint provides certain details about the duties of the Plaintiff as a shift supervisor, it fails to provide any such description or details about the other proposed parties who are alleged to be 'similarly situated.'"). And while federal courts hold that "Plaintiffs need only show their positions are similar, not identical[,]" Plaintiffs have failed to even make this showing. *Williams v. Superior Hospitality Staffing, Inc.*, 2019 U.S. Dist. LEXIS 2520 at *8 (E.D. La. Jan 7, 2019). *See also Creech*, at *3. Plaintiffs' lack of description of "similarly situated" employees does *not* withstand *Iqbal* scrutiny, and does not give Defendants fair notice of the putative class. Accordingly, the Complaint should be dismissed in its entirety.

### C.  Plaintiffs Do Not State A Cause Of Action Under La. R.S. 23:631.

In support of their state law claim, Plaintiffs allege: "[a]s a result of Defendants' pay policies, Plaintiff were not paid their hourly rates of pay in excess of minimum wage for each hour that they worked." R. Doc. 1 at 9. This means Plaintiffs actually seek redress under Louisiana

9

law for payment of *overtime* wages, which this Court has explicitly rejected in previous determinations.

In *Smith v. Ochsner Health Systems*, the plaintiff brought claims under the FLSA and La. R.S. 23:631 (the Louisiana Wage Payment Act ("LWPA"). 2018 U.S. Dist. LEXIS 79822 at *1 (E.D. La. May 11, 2018). That court explicitly stated that while the plaintiff argued that "he should be able to pursue a claim under the LWPA because it allows for penalties for the withholding of an employee's wages after termination[,]" ultimately, "Plaintiff's argument misses the point." *Id*. at *3. *Smith* went on to opine that "[t]here is no state law that entitles Plaintiff to the payment of overtime[,]" and that since the plaintiff would have no cause of action under state law but for his FLSA claims, his state law claims were appropriately dismissed. *Id.* Although Plaintiffs herein attempt to disguise their state law claims as claims for "final wages," the face of Plaintiffs' Complaint clearly shows the claim is actually for overtime wages. And since *Smith* has explicitly held that overtime claims are preempted by the FLSA, Plaintiffs' state law claims should be dismissed.

Moreover, the penalty wages Plaintiffs seek in paragraph (3) of the Prayer for Relief should be rejected summarily. The law provides that "[t]he LWPA is penal in nature, and therefore must be strictly construed." *Steak v. Hat World, Inc.*, 191 So. 3d 712, 715 (La. App. 4 Cir. 2016). "To recover penalty wages, an employee must show that 1) wages were due and owing; 2) demand for payment was made at the place where the employee was customarily paid; and 3) the employer did not pay after demand within the time specified by la. R.S. 23:631. *Id.* (citing *Becht v. Morgan Bldg. Spas, Inc.*, 707 So. 2d 1233, 1236 (La. 3/4/98)). "Demand should not be necessary where the amount due is not in dispute, but the LWPA requires demand for penalty wages to apply." *Id.* The focus of the LWPA is to compel an employer to pay the employee promptly after the

10

employment is terminated.  *See Boudreaux v. Hamilton Med. Group, Inc.*, 644 So. 2d 619, 621 (La. 1994); *Hat World, Inc.*, 191 So. 3d at 715.  Plaintiffs have neither demonstrated entitlement to relief, nor have they shown that wages were due and owing.  So their alleged demand for penalty wages is factually and legally unmerited.  Plaintiffs cannot state a claim for unpaid wages under the LWPA, and their Complaint should be dismissed, *with prejudice*, in its entirety.

### D. Plaintiffs' Claims Should be Dismissed Against Named Defendants Kennard and Elliott, Because the Individual Named Defendants Were Not Their Employers.

If the allegations at paragraph 6 of the Complaint are accepted as true for purposes of this Motion to Dismiss, then Defendants, Kennard and Elliott, Sr., were *not* Plaintiffs' employers for purposes of La. R.S. 23:631 analysis.  *See* R.Doc. 1 at ¶ 6.  Rather, individual members of a limited liability company are insulated from personal liability.  *See Martin v. Spring Break 83 Prod., LLC*, 797 F. Supp. 2d 719 (E.D. La. 2011).  This insulation is based upon the presumption that "[t]he personality of a juridical person is distinct from that of its members," where a juridical person is "an entity to which the law attributed personality, such as a corporation or partnership." La. Civ. Code art. 24.  Because of this presumed division between members and juridical persons, "[e]xcept as otherwise specifically set forth . . . no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company."  La. R.S. 12:1320(B).  Therefore, a creditor of a limited liability company *cannot* compel members of the company to pay debts due by the company.  *Glazer v. Comm'n on Ethics for Pub. Emps.*, 431 So.2d 752 (La. 1983) (citing La. Civ. Code Ann. Art. 437).  Plaintiffs' wage claims against these individual Defendants under state law must be dismissed.  *See* La. R.S. 23:631.

Likewise, even if Kennard and Elliott, Sr. could be liable for Plaintiffs' alleged damages under the FLSA (which is denied), the allegations at paragraphs 22 through 26 of the Complaint still fail to sufficiently allege that Ian Kennard and Darrin Elliott, Sr. should be personally liable

11

in this case. "To prove that a party was an employer under FLSA, the plaintiff must allege facts showing that the defendant had the requisite control over aspects of her employment." *Williams*, at \*8-9. "To determine whether an individual or entity is an employer, the Fifth Circuit applies the 'economic realities test' and considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.* at \*9. *See also Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). Every alleged employer must meet satisfy the four-part test. *Id.* But the allegations at paragraphs 22 through 26 of the Complaint fall short.

Plaintiffs merely allege individual defendants, Kennard and Elliott, Sr., are the owners of Elliott Security, and acted as policymakers. R. Doc. 1 at 4-5. But Kennard's and Elliott, Sr.'s roles as owners of the enterprise do not *per se* make them Plaintiffs' joint employer. *See Williams*, at \*10-11 (dismissing plaintiff's complaint where she merely alleged that the individual defendant was the sole manager/owner of each defendant-entity). *See also Orozco v. Plackis* , 757 F.3d 445 (5th Cir. 2014) (individual defendant was not an employer under the FLSA where, despite satisfying the first economic reality test factor, the plaintiff could not prove the other factors). Plaintiffs' claim that Kennard and Elliott, Sr. are allegedly "directly responsible for [the Company's] hiring and termination of employees, its scheduling and its payroll policies" is not helpful either. R. Doc. 1 at 4. As a matter of law, this type of conclusory allegation, without more, is insufficient to establish joint employer liability. *See Harris v. Ideal Discount Market*, 2014 U.S. Dist. LEXIS 76117 at \*7-8 (E.D. La. June 4, 2014) (dismissing complaint against individual defendants where plaintiff merely alleged that they "manage[d], supervise[d] and direct[ed] the business affairs and operations of the Corporate Defendants" and "acted, directly and indirectly,

12

in the interest of" the corporate defendant).  Plaintiffs have not alleged whether or how individual defendants Kennard and Elliott, Sr., determined the rate and method of payment, nor that they maintained employment records.  In sum, Plaintiffs have pled no more than the *Williams* plaintiff, and, accordingly, their Complaint must also be dismissed.

> **E. Alternatively, Because Plaintiffs' Allegations are Impermissibly Vague, Plaintiffs Should be Ordered to File a More Definite Statement in Accordance with Rule 12(e).**

Defendants incorporate all foregoing arguments *in extenso* and reiterate that this case concerns a defendant that is a private armed security company, which is regulated by Louisiana law.  In light of the Louisiana regulatory scheme set forth in Title 37 of the Louisiana Revised Statutes, Plaintiffs' conclusory allegations in the Complaint regarding alleged violations of the FLSA are vague and insufficient to place Defendants on notice of Plaintiffs' claims.  If this Court is not inclined to dismiss Plaintiffs' claims *with prejudice*, then Plaintiffs should be ordered to file a more definite statement so Defendants may receive for notice of the violation alleged here.

At a minimum, Plaintiffs should be required to allege facts to specifically explain how the allegations at ¶ 14 and ¶ 27 of the Complaint violate both the FLSA and Title 37 of the Louisiana Revised Statutes.  Plaintiffs should be required to file a more definite statement relating to the approximate date ranges and number of hours worked for which they claim they were undercompensated.  Plaintiffs should also be required to file a more definite statement relating to how members of the proposed putative class are similarly situated to Plaintiffs, including the proposed members' identities, job duties, job titles, etc.  Finally, Plaintiffs should be required to file a more definite statement explaining how permissible deductions – if any – reduced their wages to sums that violated state and federal law.

Ignoring the applicable regulatory scheme that applies by virtue of state and federal law, Plaintiffs instead would have this Court believe that Defendants' policy of requiring security

13

guards to purchase their own uniforms is an unlawful "kickback." R. Doc. 1 ¶3. Plaintiffs allege "Defendants have a payroll policy whereby they deduct the following expenses from employees' paychecks: uniforms, state licensing fees, and other 'miscellaneous' expenses." *Id.* Further, Plaintiffs allege "Defendants have a policy of improperly obtaining 'kickbacks' from employees . . . because, after deducting the costs of uniforms from their pay, they mandate that employees return those uniforms upon cessation of working for Defendants." *Id.* But deductions for uniforms is *permitted by Louisiana law.* La. R.S. 37:3290(D) provides that "[a]n employer may require a reasonable deposit *to secure the return of the uniform*, weapon, or any equipment provided by the employer." (emphasis added).

Notably, these types of deductions [which Plaintiffs describe as "miscellaneous" in ¶ 14 of the Complaint] are also contemplated by the FLSA. *See Weil v. Metal Techs., Inc.*, 2016 U.S. Dist. LEXIS 8100 at *22 (S.D. Ind. Jan. 25, 2016) ("Employers may deduct the costs of facilities that primarily benefit the employers as long as it does not cut into the minimum . . . wages of an employee . . . Facilities that are primarily for the benefit of the employer includes 'the cost of uniforms . . . where the nature of the business *requires* the employee to wear a uniform.'"). *See also* 29 C.F.R. § 531.35; 29 C.F. R. §531.3(d)(2). Even further, La. R.S. 37:3286 specifically instructs that the private security guard fees referenced by Plaintiffs are *not* refundable. That statute provides that the licensee (employer) may deduct such fees from the registrant's (security guard's) wages payable. *Id.*

The bottom line is Louisiana law contemplates that fees akin to those alluded to in Plaintiffs' complaint are *non-refundable* and *a permissible wage deduction.* Thus, on the face of Plaintiffs' Complaint, Defendants have not violated Louisiana law and federal regulations. And while Plaintiffs attempt to argue that the uniform payment procedure violates the FLSA because it

14

causes their wages to be reduced below the federal minimum wage, they have failed to sufficiently plead any wage sum that is unlawful.  Notably, Plaintiffs have not even pled their hourly wage. Plaintiffs also failed to plead how they are entitled to receive pay for private armed security licensing fees which, as a matter of law, are non-refundable and properly deducted from an employee's wages.  In light of these imprecise claims, it is impossible to determine whether Plaintiffs have sufficiently stated a claim upon which relief can be granted, and Plaintiffs should be ordered to file a more definite statement before this matter proceeds.

## IV.    CONCLUSION

Deducations like those alluded to in the Complaint are permitted by state and federal law. Plaintiffs' Complaint lacks basic facts to explain who these types of deductions – if any – would have violated minimum wage and overtime wage requirements under the FLSA and state law.  The Complaint also lacks basic facts to state a claim for liquidated damages, attorney's fees, and final wages.   When Plaintiffs' unspecified and conclusory assertions are juxtaposed against the controlling law, it is clear Plaintiffs simply have not asserted any causes of action against Defendants and that dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is warranted. Notwithstanding, if this Court is inclined to allow Plaintiffs' unsubstantiated claims to proceed despite these pleading deficiencies, Defendants pray this Court would order Plaintiffs to provide a more definite statement of their claims, pursuant to Federal Rule of Civil Procedure 12(e), so as to afford Defendants a fair opportunity to craft an appropriate response.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____

Brandon E. Davis, T.A. (Bar  #29823)

15

Kim M. Boyle (Bar #18133)
Jessica M. Thomas (Bar #38424)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130
Email: davisb@phelps.com
Email: boylek@phelps.com
Email: jessica.thomas@phelps.com

**ATTORNEYS FOR DEFENDANTS
ELLIOTT SECURITY SOLUTIONS, LLC;
IAN KENNARD AND DARRIN ELLIOTT,
SR.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July, 2019, I electronically filed the foregoing with

the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record.

*/s/ Brandon E. Davis*

16

PD.26556026.5