UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAPHNE FLEMING AND BRINTNEY JONES | CIVIL ACTION NO.: 19-2348 |
| Plaintiff, | SECTION: T<br>JUDGE GREG GUIDRY |
| vs. | MAGISTRATE: 4<br>MAGISTRATE JUDGE KAREN WELLS ROBY |
| ELLIOTT SECURITY SOLUTIONS, LLC; IAN KENNARD AND DARRIN ELLIOTT, SR. | |
| Defendants. | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DIMISS

NOW INTO COURT through undersigned counsel come Plaintiffs, Daphne Fleming and Brintney Jones, who respectfully submit the following opposition to Defendants Elliott Security Solutions, LLC; Ian Kennard and Darrin Elliott, Sr.'s (collectively, "Defendants") Motion to Dismiss (the "Motion") (Rec. Doc. 11).

Defendants misstate the law on preemption, misstate Plaintiffs' allegations and attempt to impermissibly litigate the merits of Plaintiffs' individual claims and Plaintiffs' claims on behalf of a FLSA Collective Class via a Rule 12(b)(6) motion. Because Plaintiffs, via their Complaint have set forth claims upon which relief may be granted in their favor and against Defendants, Defendants' request for dismissal of Plaintiffs' individual claims and/or the Collective Action claims asserted against them should be denied. Alternatively, if the Court finds that Plaintiffs' Complaint fails to meet the requirements of Rule 8, Plaintiffs should be granted leave to amend.

**LAW AND ARGUMENT**

Rule 8(a) of the Federal Rules of Civil Procedure requires a plaintiff to allege a short and plain statement of her claim showing that the plaintiff is entitled to relief. However, under the *Twombly* and *Iqbal* standard, extensive pleading is not required in the context of an FLSA claim.[1]  Rather, pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to: (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.  *See General Star Indemnity, Co. v. Vesta Fire Ins., Corp.,* 173 F.3d 946, 950 (5th Cir. 1999). Moreover, if a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e), not dismissal. *See* 5 WRIGHT & MILLER, FED. PRACTICE & PROCEDURE §1356 at 590-591.

When reviewing a Rule 12(b)(6) motion, the court must construe all the factual allegations contained in the complaint in the light most favorable to the plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, all facts contained in the complaint must be taken as true. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  Dismissal is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). This strict standard has been defined by the Fifth Circuit as, "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states

---

[1] See e.g., *Xavier v. Belfor USA Group, Inc.*, 2009 WL 411559 (E.D. La. 2009)(analysis under *Twombly*); *Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *3-4 (S.D. Tex. 2009) (analysis under *Iqbal*).

any valid claim for relief." *Lowery v. Texas A & M University System*, 117 F.3d 242, 247 (5th Cir. 1997), citing 5 WRIGHT & MILLER, FED. PRACTICE AND PROCEDURE §1357 at 601 (1969).    Notably, when considering a motion to dismiss, the court should not be concerned with the likelihood that the Plaintiff will recover on the merits of his claims. Thus, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Al. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).    Finally, dismissal under Rule 12(b)(6) is disfavored and rarely granted.  *See Lowery*, 117 F.3d at 247.

Plaintiffs' Complaint meets the requirements of both Rule 8(a) and the *Twombly* and *Iqbal* standard.    Accordingly, Defendants' Motion to Dismiss should be denied. Alternatively, should this Court determine that Plaintiffs' Complaint lacks sufficient specificity or contains other deficiencies, they should be allowed to amend their Complaint to allege more detail.

## I. Plaintiffs Plainly Meet the Requirements for Pleading a Failure to Pay Minimum Wage and Overtime Claims

Defendants claim that Plaintiffs fail to state a claim that they were not paid minimum wage or overtime under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA").  Defendants assert that Plaintiffs must specify specific weeks or dates that they were not paid minimum wages or overtime and/or amounts of unpaid wages they claim they are owed.  Defendants' assertions are incorrect.

In order to sufficiently allege liability under the FLSA for failure to pay minimum wage and/or overtime wages, the stated claims that Plaintiffs must allege are minimal. The requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or

minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. See 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5); *Secretary of Labor v. Labbe*, 319 Fed. Appx. 761 (11th Cir. 2008). Even in the aftermath of both *Twombly* and *Iqbal*, federal courts have held that extensive pleading is not required in the context of an FLSA claim. *Hellenberg v. Integrated Deicing Serv. LLC* No. 10-CV-11364 --- F.Supp.2d ---  (E.D. Mich., 2011).  Thus, the Plaintiffs have been found to meet the pleading standard when they allege that defendants are employers as defined by the FLSA, briefly described their job functions and alleged that they routinely worked in excess of forty hours per workweek during the statutory period without overtime compensation, without further exposition.  *Mathis v. Quicken Loans, Inc.*, 2007 WL 3227598 (E.D.Mich.2007).   Similarly, Plaintiffs who alleged they were non-exempt employees who had not been compensated at the appropriate overtime rates have been found to have satisfied the pleadings standard set forth in *Twombly*. *Uribe v. Mainland Nursery, Inc.,* 2007 WL 4356609, at *2-3 (E.D. Cal. 2007); *see also Haskins v. VIP Wireless Consulting*, 2009 WL 4639070, at (W.D. Pa. 2009) (applying *Iqbal*, dismissal of complaint inappropriate where plaintiff alleged that he worked more than 40 hours per workweek and did not receive overtime compensation); *Hawkins v. Proctor Auto Serv. Center, LLC*, 2010 WL 1346416, at * 1 (D.Md.2010) (where plaintiff alleged that he worked more than 40 hours per week without overtime compensation, allegations clearly satisfied *Iqbal*); *Kemp v. Frank Fletcher Companies, Ltd.*, 2010 WL 4096564 (E.D.Ark.2010).

Within this own district, plaintiffs alleged they routinely worked more than forty hours per week, were not paid overtime compensation, and were covered employees have

been found to have satisfied the pleadings standard. *Xavier v. Belfor USA Group, Inc.*, 2009 WL 411559 (E.D. La. 2009); *see also Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *3-4 (S.D. Tex. 2009) (refusing to dismiss FLSA claim under *Iqbal* despite lack of "detailed factual allegations" where plaintiffs alleged that they were classified as non-exempt, that they regularly worked more than 40 hours per week and were not paid overtime rates).

Plaintiffs have plainly satisfied the standard for sufficiently pleading their FLSA claims. Plaintiffs include the requisite jurisdictional allegations for FLSA coverage in their Complaint at Paragraphs 8-13. (Rec. Doc. 1). In addition, they expressly state that they were employed by Defendants in Paragraphs 4, 5, 7, 10 and 26. Plaintiffs expressly state that Defendants regularly and routinely deducted the cost of their uniforms and equipment from their paychecks, reducing their pay below the federal minimum wage. (Paragraph 14, 15, 16 35, 36 and 37). They also assert that they often worked in excess of 40 hours per week (Paragraph 19 and 38), and, due to Defendants' unlawful deductions from their pay, they did not receive pay at a rate of pay of one and one-half times their regular rate of pay for each hour in excess of 40 per week worked. (*Id.*) Under the case law set forth above, Plaintiffs have sufficiently set forth their claims for unpaid minimum wages and overtime under the FLSA, as well as claims for liquidated damages under the FLSA.

## II. Defendants Cannot Litigate the Merits of Conditional Certification at this Stage

Defendants' effort to oppose Collective Class Certification via a Rule 12(b)(6) motion to dismiss when Plaintiffs have not yet moved for class certification is an

impermissible and gross abuse of the Rule 12(b)(6) process. Within the Fifth Circuit, courts, including those within the Eastern District of Louisiana, have applied the two-stage approach to collective action certification that is delineated in the case of *Lusardi v. Xerox Corp.*[2] The first stage of the *Lusardi* analysis – the one at issue in this Motion – is commonly known as the "notice stage" or "conditional certification stage." *Mooney*, 54 F.3d at 1213-14. The second stage is routinely referred to as the "merits" stage. Notably, this Circuit has **_not_** adopted a standard whereby it dismisses collective class certification without allowing Plaintiff to file a motion for certification and brief the issue.

With respect to such a dismissal, the First Circuit in *Manning v. Boston Medical Center Corp.*[3] is on point. In overturning the lower court's dismissal of the plaintiffs' collective class claims, the First Circuit noted that "[t]he dispositive question for purposes of this appeal is whether the complaint pleads the existence of a group of putative class members whose claims are susceptible of resolution on a classwide basis"[4] and additionally admonished that:

> [C]ourts should exercise caution when striking class action allegations based solely on the pleadings, for two reasons. First, while ruling on a

---

[2] *Lusardi v. Xerox Corp* 118 F.R.D. 351 (D.N.J.1987), *mandamus granted in part, appeal dismissed,* 855 F.2d 1062 (3rd Cir.1988), *vacated in part, modified in part, and remanded,* 122 F.R.D. 463 (D.N.J.1988), *aff'd in part, appeal dismissed,* 975 F.2d 964 (3rd Cir.1992); *See, e.g., Lang v. DirecTV, Inc., et al.*, No. 10-1085G1, 2011 WL 6934607, at *7 (E.D. La. Dec. 30, 2011) (the *Lusardi* approach is the "more common" approach and is routinely employed by Eastern District of Louisiana); *Fernandes da Silva v. M2/Royal Construction of Louisiana, LLC*, No. 08-4021, 2009 WL 3565949, at *3 (E.D. La. Oct. 29, 2009) (finding that the two-stage approach in *Lusardi* is the predominant test for collective action certification in the Fifth Circuit); *Melson v. Directech Southwest, Inc.*, No. 07-1087, 2008 WL 2598988, at *4 (E.D. La. June 25, 2008) (applying the "preferred" *Lusardi* approach); *Ebbs v. Orleans Parish School Board,* No. 04-1198, 2007 WL 2127699, at *2 (E.D. La. July 24, 2007) (noting that the Fifth Circuit "historically" employs the *Lusardi* approach); *Kenyata-Bean, et al. v. Housing Authority of New Orleans, et al.*, No. 04-2592, 2005 WL 3543793, at *6 (E.D. La. Nov. 18, 2005) (*Lusardi's* two-stage approach has been "unanimously adopted" by district courts within the Fifth Circuit); *England v. New Century Financial Corp.*, 370 F.Supp.2d 504, 509 (M.D. La. 2005) ("The Eastern District utilized the *Lusardi* approach because it found that the *Lusardi* approach has been 'embraced' more often in the Fifth Circuit than the 'Spurious Class Action' found in *Shushan*"[2]).

[3] 725 F.3d 34, 59-60. (1st Cir. 2013)

[4] *Id.* at 59.

motion to strike is committed to the district court's sound judgment, "such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." *Boreri v. Fiat S.p.A.,* 763 F.2d 17, 23 (1st Cir.1985). This is so because "striking a portion of a pleading is a drastic remedy and … it is often sought by the movant simply as a dilatory or harassing tactic." 5C Charles Alan Wright, et. al., *Federal Practice & Procedure* § 1380 (3d ed.2011).

Second, courts have repeatedly emphasized that striking class allegations under Rule 12(f) is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of … litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification. *Mazzola v. Roomster Corp.,* 849 F.Supp.2d 395, 410 (S.D.N.Y.2012) (citations omitted) (internal quotation marks omitted); *see also Cholakyan v. Mercedes-Benz USA, LLC,* 796 F.Supp.2d 1220, 1245 (C.D.Cal. 2011) (noting that "it is in fact rare to [strike class allegations] in advance of a motion for class certification" and collecting cases). ***Accordingly, a court should typically await the development of a factual record before determining whether the case should move forward on a representative basis. Id.*** (emphasis added).

This standard has been echoed by courts within the Fifth Circuit. "[T]he plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion. Whether proceeding collectively is appropriate will be addressed when the plaintiffs move for conditional certification and issuance of notice to the class." *Hoffman v. Cemex, Inc.,* Civil Action No. H-09-3144, 2009 WL 4825224, at *4 (S.D.Tex. Dec. 8, 2009); *see also Long v. CPI Security Systems, Inc.,* No. 3:12-CV-396-RJC-DSC, 2012 WL 3777417, at *5 (W.D.N.C. Aug. 30, 2012) ("Defendant's argument that this Court should dismiss Plaintiff's `collective action allegation' is inappropriate" at the motion to dismiss stage) (internal citation omitted); *Lang v. DirecTV, Inc.,* 735 F.Supp.2d 421, 435 (E.D.La.2010) ("The Court finds that defendants' motion to dismiss

7

is premature because plaintiffs have not moved for certification and had no opportunity to develop a record.").

However, even where Courts have considered FLSA Collective Action claims on a motion to dismiss, those courts only required plaintiffs to "give the defendant fair notice of the putative class" to withstand a Rule 12(b)(6) motion. *Flores v. Act Event Servs., Inc.*, 55. F.Supp.3d 928 (N.D. Tex. 10/21/2014). Plaintiffs readily meet this standard. Here, Plaintiffs have defined the class thusly:

> [A]ll hourly employees who worked for Defendants who: (1) were not paid at the federal minimum wage rate for all hours worked and/or who were not paid overtime for all hours worked in excess of 40 per week due to Defendants' unlawful deductions and withholdings from their paychecks and/or Defendants' deliberate failure to pay them at a rate one and one- half times their regular rate of pay for hours worked in excess of 40 per week; (2) were subjected to Defendants' unlawful "kickback" scheme whereby they were forced to purchase uniforms from Defendants, but had to return them upon cessation of employment, but did not receive any refund for their cost of purchase; and (3) who were subjected to one or more periods where they did not receive their paychecks on time and are therefore entitled to liquidated damages in the amount of each paycheck untimely paid. Compl. at ¶ 27 (Rec. Doc. 1).

Thus, the other members of the class are Defendants' hourly employees who were subjected to the same specific policy provisions complained of herein. This is a readily discernable class, limited temporally by the three year maximum set forth in the FLSA, clarified by category – employees who were paid hourly – who were subjected to three readily identifiable practices. A simple search of Defendants' records should reveal all such persons, thus, this is not an unidentifiable or amorphous group of persons.

Finally, contrary to Defendants' argument that Plaintiffs must show that other persons are interested in joining this litigation as opt-in Plaintiffs, this is simply not a requirement at either this stage or even the conditional certification stage of these

proceedings. (Although it is telling that there are two named Plaintiffs, instead of one, indicating that former and current employees of Defendants do have an interest in joining this litigation.

Indeed, in the Fifth Circuit, "there is no categorical rule that Plaintiffs must submit evidence at [the conditional certification stage] that other [individuals] seek to opt-in to this case." *Perkins v. Manson Gulf, L.L.C.,* No. 14-2199, 2015 WL 771531, at *4 (E.D. La. Feb. 23, 2015) (quoting *White v. Integrated Elec. Techs., Inc.,* No. 12-359, 2013 WL 2903070, at *7 (E.D. La. June 13, 2013)); *see also Banegas,* 2015 WL 4730734, at *5 . This is because, "[t]aken to its logical conclusion, [this] argument would result in a categorical rule that conditional certification of a proposed FLSA collective action is never appropriate where the complaint is not joined by multiple named plaintiffs, or where the named plaintiff does not attach affidavits of other potential class members who express an interest in joining the action. This focus on the intent of potential opt-in class members has no statutory basis in the FLSA." *Lopez v. Hal Collums Const., LLC*, E.D. La. Nov. 18, 2016). Liberally construing the FLSA to effect its purposes, it is enough for the plaintiff to present evidence that there ***may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually intend to join the lawsuit.*** *Villarreal v. St. Like's Episcopal Hosp.,* 751 F. Supp. 2d. 902 (S.D. Tex. Nov. 3, 2010) (emphasis added); *see also Dreyer v. Baker Hughes Oilfield Operations, Inc.,* 2008 WL 5204149, at * 3 (S.D. Tex. Dec.11, 2008); *Neagley v. Atascosa Cty.,* 2005 WL 354085, *3 (W.D. Tex. 2005) (stating that although affidavits of other similarly situated employees "would help make the initial determination of a collective action easier, the Court does not believe that

it is required"); *Taillon v. Kohler Rental Power, Inc.,* 2003 WL 2006593, *3 (N.D. Ill. 2003) (holding that there is no "independent requirement of proof of desire to join in the action for authorization of notice under § 216(b)").

Additional evidence regarding the number of persons comprising the collective class, the nature of their work and how they were paid is in the records of Defendants and should be explored during the discovery process. At that point, should Plaintiff determine that moving for preliminary class certification is appropriate, Defendant may make its arguments against certification at that time. However, attempting to avoid collective class certification via a Rule 12(b)(6) motion to dismiss is inappropriate and a gross abuse of those proceedings.

Simply put, whether the class should be certified is not for the Court to determine at this juncture. The only question is whether Plaintiffs have made sufficient allegations to satisfy Rule 8. In this case, Plaintiffs have identified the class, clearly defined it as hourly-paid employees subjected to three plainly described policies that they assert are unlawful under the FLSA. That is sufficient to meet the Rule 8 standard for pleading, regardless of whether that class is ultimately certified. While Defendants may oppose the certification of the proposed class, striking the class allegations at this time is inappropriate.

To the extent that the Court determines that the class should be alleged with more specificity or that it should be narrowed, that is an issue for certification motions.

### III. Plaintiffs Set Forth Valid Claims Under the Louisiana Final Wage Payment Statute

Defendants misstate Plaintiffs' claims under the Louisiana Final Wage Payment Act. Specifically, Defendants claim that Plaintiffs seek unpaid overtime under the Final

Wage Payment Act and argue that Plaintiffs' claims under the Louisiana Final Wage Payment Act should be dismissed because they are preempted by the FLSA. However, Plaintiffs' Final Wage Payment Act Claims are not preempted by the FLSA because Plaintiffs specifically seek the difference in the federal minimum wage and their hourly rate for each and every hour that they worked, but were not paid, plus one days' penalty wages for each day up to 90 days after the filing of this suit that Defendants failed to pay their wages, and an award of attorneys fees and costs. Compl. at ¶ 55. (Rec. Doc. 1). Thus, they are not seeking overtime compensation under this Act.

Plaintiffs agree that they may only seek payment of overtime wages under the FLSA. Because their claims seek payment of unpaid wages in the amount of the difference between their actual hourly rate and the minimum wage they seek under the FLSA, their claims are not pre-empted. *See McCumber v. Eye Care Ctrs. of Am., Inc.*, 2011 U.S. Dist. LEXIS 42647, *42, 2011 WL 1542671 (M.D. La. Apr. 20, 2011) ("plaintiff's claim for payment of non-overtime hours to which he would be entitled...would remain cognizable under the LWPA, provided plaintiff can meet the other elements of such state law claim"); *Monahan v. Smyth Auto. Inc.*, 2011 U.S. Dist. LEXIS 9877, at *8–16 (S.D. Ohio February 2, 2011) (holding that the FLSA did not preempt, *inter alia*, claims under the Ohio Wage Payment Act); *Bouaphakeo v. Tyson Foods, Inc.*, 564 F.Supp.2d 870, 886 (N.D.Iowa 2008) (collecting cases that FLSA does not preempt strict state-law claims based on failure to pay non-covered wages). Indeed, other divisions of this Court have previously expressly recognized that claims for hourly wages in excess of the federal minimum wage ***are not*** preempted by the FLSA:

> The language of the LWPS "is unambiguously broad in scope; it mandates that an employer pay any amount that an employee

justifiably earns under the terms of his employment." The FLSA, on the other hand, requires only that an employer pay its employees a minimum wage as set by the Act and does not address the failure to pay agreed upon wages. Accordingly, Plaintiff is entitled to seek the amount she is owed over and above minimum wage through the LWPS and her claim is not preempted. *Tillman v. Louisiana Children's Medical Center*, *et al*, 16-14921, Rec. Doc. 28, p. 7, 4/19/17 (Milazzo, J.)(internal citations omitted)

Thus, because Plaintiffs seek overtime and minimum wage pay under the FLSA and the difference between their rates of pay and the federal minimum wage under the Final Wage Payment Act, their state law claims are not preempted.

And, as part of their state law claim, they are seeking penalty damages. Louisiana's Final Wage Payment Act provides for up to 90 days penalty damages where an employer fails to pay an employee's final wages on time. Here, Plaintiffs allege that they are owed final wages. Compl. at ¶55 (Rec. Doc. 1). That they made a demand for final wages. *Id*. at ¶56. And that they have not been paid. *Id*.. As a result of Defendants' deliberate failure to pay them in accordance with the statute, they seek penalty damages. *Id*. at ¶58. That Defendants may object to the imposition of penalty damages is not surprising. However, Plaintiffs have plainly set forth allegations sufficient to sustain their claim for these penalty damages at the pleadings stage.

## IV. Plaintiffs Have Sufficiently Pled the Individual Defendants Were Their "Joint Employers" for the Purposes of the FLSA

The FLSA defines an employer as "any person ***acting directly or indirectly*** in the interest of an employer in relation to an employee." 29 U.S.C. 203(d); *see also Baricuatro v. Indus. Pers. & Mgmt. Servs.,* 2012 U.S. Dist. LEXIS 153412, at *12-13 (E.D. La. Oct. 25, 2012). This definition stretches "the meaning of 'employee' to cover some [workers] who might not qualify as such under a strict application of traditional agency [or contract] law principles." *Nationwide Mut. Ins. Co. v. Darden,* 503

U.S. 318, 326 (1992); *United States v. Rosenwasser,* 323 U.S. 360, 363 n. 3 (1945)("the broadest definition [of 'employ'] that has ever been included in any one act").  As the Supreme Court recognized, in enacting these expansive terms Congress sought to make business owners responsible for minimum labor standards for workers for whom they could easily disclaim responsibility at common law. *Walling v. Portland Terminal Co.,* 330 U.S. 148, 152 (1947) ("This Act contains its own definitions, comprehensive to require its application to many persons and working relationships which, prior to this Act, were not deemed to fall within an employer-employee category").

Thus, individuals may be found to be "employers" even where there exists a corporate entity. *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 194-95 (5th Cir. 1983); *Donovan v. Janitorial  Servs.*, 672 F.2d 528, 531 (5th Cir. 1982)).  Someone who "guided corporate policies" and "controlled finances" may be held to be an "employer" under the FLSA.  *See Dole v. Simpson*, 784 F. Supp. 538, at 545 (S.D. Ind. 1991); *Donovan v. Grim Hotel*, 747 F.2d 966, 972 (5th Cir. 1984); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966 (6th Cir. 1991).  Similarly, individuals are liable if they are in a position to ensure compliance with the FLSA by exercising "operational control" over the corporation because such control suggests that he can "cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA,"    *Baystate Alternative Staffing v. Herman,* 163 F.3d 668, 678 (1st Cir. 1998).  Finally, to be classified as an employer, it is not required that a party have exclusive control of a corporation's day-to-day functions; liability may be found if the party has "operational control of significant aspects of the corporation's day-to-day functions." *Elliot Travelers,* 942 F.2d at 966, quoting *Donovan v. Agnew*, 712 F.2d at 1509, 1514 (1st Cir. 1983). "The

overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Grim Hotel Co*. 747 F.2d 966, 972 (5th Cir. 1984) (*quoting Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)); *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 318 (5th Cir. 1981) (summary calendar) ("An officer of a corporation may . . . be restrained along with a corporate employer.").

Here, Plaintiffs have alleged that, due to their exercise of control over Plaintiffs and their role in setting forth the policies complained of in the Complaint the individual defendants, Ian Kennard and Darrin Elliott, Sr. are liable to them as their joint employers under the FLSA.   Compl. at ¶24 (Rec. Doc. 1).   Under the FLSA, this is a valid and cognizable claim and Defendants' arguments to the contrary are without merit.

To sufficiently allege that a Defendant was an employer for the purposes of the FLSA in such a situation as the case at bar, Plaintiff must merely allege that the Defendant was a joint employer.   The Joint Employment Relationship under the Fair Labor Standards Act of 1938 is defined by 29 C.F.R. § 791.2, which states as follows:

> A single individual may stand in the relation of an employee to two or more employers at the same time under the Fair Labor Standards Act of 1938, since there is nothing in the act which prevents an individual employed by one employer from also entering into an employment relationship with a different employer.  A determination of whether the employment by the employers is to be considered joint employment or separate and distinct employment for purposes of the act depends upon all the facts in the particular case. … [I]f the facts establish that the employee is employed jointly by two or more employers, i.e., ***that employment by one employer  is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint***

> ***employers during the workweek is considered as one employment for purposes of the Act***. In this event, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek. (emphasis added).

When making the determination of whether a defendant is an "employer" or "joint employer" for the purposes of the FLSA, the Fifth Circuit generally relies upon the factors set forth in *United States v. Silk. See e.g., Usery v. Pilgrim Equipment Co.,* 527 F.2d 1308, 1311 (5th Cir.); *Robicheaux v. Radcliff Material, Inc.,* 697 F.2d 662, 666 (5th Cir.1983). No one factor is dispositive; rather, it is incumbent upon the courts to transcend traditional concepts of the employer-employee relationship and assess the economic realities presented by the facts of each case. See *Goldberg v. Whitaker House Cooperative*, 366 U.S. 28 (1961); *Itzep v. Target Corp.*, 543 F. Supp. 2d 646, 653 (W.D. Tex. 2008) (quoting *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968)). Individual managers may be held liable as joint employers alongside the companies for which they work when the managers exercise sufficient operating control over plaintiff employees. *Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012).

Significantly at this stage of the pleadings, "to survive a motion to dismiss, ***Plaintiff need not allege facts to satisfy the economic reality test; instead, he must simply 'plead that the proposed [defendants] had substantial control over the aspects of employment alleged to have been violated***." See *Smith v. Westchester Cnty*, 769 F. Supp. 2d 448, 475-76 (S.D.N.Y. 2011); *Tharp v. Energes LLC* 2016 WL 3352203, at *2 (W.D. Tex. June 15, 2016). (emphasis added).

15

Here, Plaintiffs have set forth several allegations in their initial Complaint to establish that the individual Defendants exercised the requisite control over the policies and procedures, including scheduling and payment practices, to which they and similarly situated employees were subjected so as to be their "joint employers" under the FLSA. Specifically, Plaintiff has alleged that the individual Defendants, as their joint employers, were involved in the following:

- Directly responsible for the hiring and termination of employees at Elliott Security Solutions, LLC. (Compl. at ¶24).

- Directly responsible for the scheduling and payroll complained of in the complaint. (*Id*.)

- Defendants (collectively, a term which include Mr. Kennard and Mr. Elliott) controlled the time, manner and place where Plaintiffs and the FLSA Collective Action Class worked, including the location where they worked for each shift, how long they worked for each shift or the manner in which they performed their work. (*Id. at* ¶25)

- Defendants (collectively, a term which include Mr. Kennard and Mr. Elliott), were responsible for failing to pay Plaintiffs minimum wage and overtime. (*Id*. at ¶27.)

Thus, Plaintiffs have "[pled] that the proposed [defendants] had substantial control over the aspects of employment alleged to have been violated." This is sufficient to avoid dismissal under Rule 12(b)(6). *See Smith*, 769 F. Supp. 2d 448, 475-76; *Tharp,* 2016 WL 3352203, at *2.

**V. <u>Plaintiffs Should Be Allowed to Amend Their Complaint.</u>**

If the Court determines that Plaintiffs have not sufficiently pled any of their causes of action, Plaintiffs should be allowed to amend their Complaint to set forth those causes of action in more detail to remedy any deficiencies. *See* FRCP 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### Conclusion

For the reasons discussed above, Plaintiffs have set forth recognizable causes of action against Defendants.   Therefore, Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

*/s/ Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**
201 St. Charles Avenue, Suite 2500
New Orleans, Louisiana 70170
T: (504) 599-5953
F:  (888) 988-6499
E: jjackson@jackson-law.net
    mjackson@jackson-law.net
Attorneys for Plaintiffs