# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAPHNE FLEMING AND BRINTNEY JONES** | **CIVIL ACTION NO.  2:19-CV-02348-GGG-KWR** |
| **VERSUS** | **JUDGE GREG G. GUIDRY** |
| **ELLIOTT SECURITY SOLUTIONS, LLC, IAN KENNARD, AND DARRIN ELLIOTT, SR.** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS AND ALTERNATIVE 12(e) MOTION FOR MORE DEFINITE STATEMENT

**MAY IT PLEASE THE COURT:**

Defendants, Elliott Security Solutions, LLC ("Elliott"), Ian Kennard ("Kennard"), and Darrin Elliott, Sr. ("Elliott, Sr.") (collectively, "Defendants"), submit this Reply Memorandum in Support of their Rule 12(b) Motion to Dismiss and Rule 12(e) Motion for More Definite Statement (R. Doc. 11).[1]  Plaintiffs either ignore Defendants' objections altogether, or attempt to salvage the Complaint by relying on non-binding decisions from sister jurisdictions.  *See* R. Doc. 12.  But these alleged individual and collective FLSA claims simply cannot withstand Rule 12 scrutiny under *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  The Complaint simply cannot satisfy the pleading requirements under the FLSA *based on law that applies in the Fifth Circuit*. Accordingly, because Plaintiffs' allegations do not rise to the level of a well-pleaded claim under FLSA, their Complaint should be dismissed.

---

[1] Defendants do not waive and expressly maintain all defenses, objections, privileges and exceptions concerning this matter.

1

PD.26758585.3

I.    **Defendants, Kennard and Elliott, are not individually liable under La. R.S. 12:1320(B) or under the FLSA.**

Plaintiffs summarily characterize Defendants' Rule 12 objections to individual liability as either a legal or factual misstatement.  *See* R. Doc. 12 at p. 1.  However, if the allegations at paragraph 6 of the Complaint are accepted as true for purposes of this Motion to Dismiss, then Defendants, Kennard and Elliott, Sr., were *not* Plaintiffs' employers for purposes of La. R.S. 23:631 analysis.  *See* R.Doc. 1 at ¶ 6.  Applicable law supports this conclusion.

With respect to the state claims, Plaintiffs do not dispute that individual members of a limited liability company are insulated from personal liability.  *See Martin v. Spring Break 83 Prod., LLC*, 797 F. Supp. 2d 719 (E.D. La. 2011).  This insulation is based upon the presumption that "[t]he personality of a juridical person is distinct from that of its members," where a juridical person is "an entity to which the law attributed personality, such as a corporation or partnership." La. Civ. Code art. 24.  Because of this presumed division between members and juridical persons, "[e]xcept as otherwise specifically set forth . . . no member, manager, employee, or agent of a limited liability company is liable in such capacity for a debt, obligation, or liability of the limited liability company."  La. R.S. 12:1320(B).  Therefore, a creditor of a limited liability company *cannot* compel members of the company to pay debts due by the company.  *Glazer v. Comm'n on Ethics for Pub. Emps.*, 431 So.2d 752 (La. 1983) (citing La. Civ. Code Ann. Art. 437).  This is why Plaintiffs fail to identify a legally cognizable right of action against the individuals under Louisiana law.

Regarding individual liability under the FLSA, Plaintiffs' singular focus on the "operational control" theory of liability is imprecise and based on opinions that are nearly forty years out of date.  *See* R. Doc. 12 at p. 13 (citing *Donavan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 194-95 (5th Cir. 1983)).  The applicable test is set forth in *Williams v. Superior Hospitality*

2

*Staffing, Inc.*, 2019 U.S. Dist. LEXIS 2520 at *8 (E.D. La. Jan 7, 2019), as well as *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). Those cases clarify that when determining "…whether an individual or entity is an employer, the Fifth Circuit applies the 'economic realities test' and considers whether the alleged employer: '(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Id.* at *9. *See also Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012). So Plaintiffs' suggestion that, "to sufficiently allege that a Defendant was an employer for the purposes of the FLSA in such a situation as the case at bar, Plaintiff must merely allege that the Defendant was a joint employer" is simply not true. *See* R. Doc. 12 at p. 14. Rather, every alleged employer must satisfy the four-part test articulated by this court in *Williams*. 2019 U.S. Dist. LEXIS 2520 at *8 (E.D. La. Jan 7, 2019).

The conclusory allegation at paragraph 24 of the Complaint relates to the "enterprise" theory of liability that falls short of the pleading standard required at this juncture. *See* R. Doc. 1 at ¶ 24.[2] *Williams* explained that under the FLSA, the enterprise theory is inapplicable to the joint employer analysis. 2019 U.S. Dist. LEXIS 2520 at *8. Rather, "the FLSA concept of 'enterprise' does not abrogate the need for the Plaintiff to show that he suffered injury at the hands of each individual defendant, even if the defendants are related corporations." *Id.* This is precisely why Plaintiffs' reliance on *Smith v. Westchester*, a 2011 decision from the Southern District of New York that breaks with the Eastern District of Louisiana and does not apply the economic reality test, is unavailing. 769 F. Supp. 2d 448 (S.D.N.Y. 2011).

---

[2] Plaintiffs must "plead specific facts not mere conclusory allegations" to avoid dismissal for failure to state a claim. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

3

This Court should carefully consider the fact that the snippet of *Smith* that Plaintiffs selectively cited actually construed the FMLA and not the FLSA.  *See Smith*, 769 F. Supp. 2d 448 at 448.[3]  In this regard, Plaintiffs have taken *Smith's* reasoning concerning surviving a motion to dismiss out of appropriate context.  *Id.*  But even if *Smith* applied, the solitary allegation in ¶ 24 of the Complaint still fails to meet the standard announced in that case.  *See Smith v. Westchester,* 769 F. Supp. 2d 448.

For example, Paragraph 24 concludes, "Defendants Ian Kennard and Darrin Elliott, Sr. are the owners of Elliott Security Solutions, LLC and are *directly responsible* for its hiring and termination of employees, its scheduling policies and its payroll policies."  *See* R. Doc. 1 at ¶ 24. (Emphasis supplied).  In contrast, *Smith* indicates a Plaintiff can survive a motion to dismiss by pleading "that the proposed individual defendants had '*substantial control*' over the aspects of employment alleged to have been violated."  *Smith*,769 F. Supp. 2d at 475-76.  (Emphasis supplied).  Further, the Complaint relies on joint employment alleged in ¶ 26.  *See* R. Doc. 1 at ¶ 26.  Accordingly, this Court should be guided by the recent interpretations of law within the Fifth Circuit that hold, "allegations of a joint enterprise are insufficient to establish that Defendants are joint employers of Plaintiff."  *Cf.*, *Williams*, 2019 U.S. Dist. LEXIS 2520 at * 8.

## II.    Plaintiffs' FLSA allegations must meet the pleadings standards that apply in the Fifth Circuit.

Plaintiffs assert, "in order to sufficiently allege liability under the FLSA for failure to pay minimum wage and/or overtime wages, the stated claims that Plaintiffs must allege are minimal." *See* R. Doc. 12 at p. 3.  This conclusion is based on Plaintiffs' reliance on outdated decisions from the Eleventh Circuit, as well as from district court opinions from Michigan, California,

---

[3] "Plaintiff former employee adequately alleged interference with the existence of his rights under the FMLA…"

4

Pennsylvania, Maryland, and Arkansas. *See* R. Doc. 12 at p. 4. When citing these inapplicable cases, Plaintiffs failed to explain why Fifth Circuit precedent should not apply to this case.

The Fifth Circuit law that controls this Court's determination indicates that a plaintiff satisfies FLSA pleading requirements by alleging sufficient facts to put the defendant on notice as to the "approximate date ranges, as well as the approximate number of hours worked," for which the plaintiff claims he was un- or under-compensated. *England v. Administrators of the Tulane Educational Fund*, No. 16-3184, 2016 U.S. Dist. LEXIS 152550 at *9 (E.D. La. Jul. 19, 2016) (quoting *Mejia v. Brothers Petroleum, LLC, No. 12-2842, 2015 U.S. Dist. LEXIS 74339 at *10, 19-20* (E.D. La. June 9, 2015)). This is why Plaintiffs' reliance on paragraphs 19 and 38 of the Complaint [that simply allege work in excess of 40 hours per week] is insufficient. *See* R. Doc. 12 at p. 5. Indeed, the law indicates that a plaintiff asserting a claim for either overtime or minimum wages must allege that, *in a specific work week*, he or she worked more than forty hours without being compensated for overtime or minimum wage hours during that particular workweek. *See Coleman v. John Moore Services, Inc.*, 2014 U.S. Dist. LEXIS 1501 at *2 (S.D. Tex. Jan. 7, 2014) (dismissing allegations that plaintiff worked forty hours during "one or more weeks" and that during "one or more weeks" the employer failed to pay overtime because there was no factual context to allow the court to determine if the plaintiff actually worked uncompensated overtime hours).

*Maldanado v. New Orleans Millworks, LLC,* 2017 U.S. Dist. LEXIS 88025 at * 6 (E.D. La. June 8, 2017) is instructive because it explains why Plaintiffs' suggestion that they "have plainly satisfied the standard for sufficiently pleading their FLSA claims" is wrong. *See* R. Doc. 12 at p. 5. *Maldanado* (which actually is a 2017 determination from the Eastern District of Louisiana) held that a plaintiff "sufficiently pleads [the amount of overtime compensation due] by

5

alleging sufficient facts to put the defendant on notice as to the approximate date ranges, as well as the approximate number of hours worked." 2017 U.S. Dist. LEXIS 88025 at * 6. Here, Plaintiffs only assert that "they often worked in excess of 40 hours per week (Paragraphs 19 and 38), and, due to Defendants' unlawful deductions from their pay, they did not receive pay at a rate of pay of one and one-half times their regular rate of pay for each hour in excess of 40 per week worked." *See* R. Doc. 12 at p. 5. These allegations do not provide proper notice for purposes of Rule 12 analysis.

Because Plaintiffs seek overtime compensation, their allegations should meet the standards that were explained in *Maldanado*, especially because *Maldanado* analyzed *England* and confirmed that the *England* overtime claim was incalculable because the plaintiff did not approximate when such compensation occurred – the same allegation that is lacking here. *See Maldanado*, 2017 U.S. Dist. LEXIS 88025 at * 8 (citing, *England,* 2016 U.S. Dist. LEXIS 93842). Inasmuch as Plaintiffs' reliance on *Hoffman v. Cemex, Inc.*, 2009 U.S. Dist. LEXIS 114130 (S.D. Texas 2009) cannot exist in harmony with more recent interpretations from the Southern District of Texas like *Coleman*, **or** directly applicable recent opinions from the Eastern District like *England* and *Maldanado*, Plaintiffs simply have not sufficiently stated a claim for relief.[4]

III.   **Plaintiffs' disproportionate focus on class certification ignores the glaring pleading deficiency at issue.**

Defendants reserve their right to contest class certification at the appropriate time. But the issue *de jure* is whether Plaintiffs have adequately pled that [they are] similarly situated to potential collective action members so as to survive a Rule 12(b)(6) motion. Pages 5 through 10 of the Opposition are no more than a lengthy smokescreen created to conceal the fact that the Complaint

---

[4] *See also Guevara v. Coastal Gulf & Int'l, Inc.,* 2013 U.S. Dist. LEXIS 62967 (E.D. La. May 2, 2013) (where Plaintiffs overcame a motion to dismiss by alleging dates of employment).

6

PD.26758585.3

fails to give Defendants notice of the putative class.  *See* R. Doc. 1.  For example, similarity is substantially infirm in this case, because Plaintiffs do not identify the number of workers who allegedly fall within the putative class.  *Id.*  Plaintiffs say they are asserting a collective action "on behalf of all hourly employees who worked for Defendants" who were subject to allegedly improper pay policies.  R. Doc. 1 at 5.  But Plaintiffs fail to identify the approximate number or the identities of the putative collective action members.  Indeed, the Complaint contains **no** description of the putative class whatsoever.  *See* R. Doc. 1.

When considering similar allegations in *Maldanado*, the court noted the "plaintiff merely asserts that a collective action is proper because Defendants 'paid the named Plaintiff and other similarly situated employees at an hourly rate' treated them 'as exempt from FLSA's overtime requirements,' and that 'they were not exempt from the FLSA's overtime requirement.'" *See* 2017 U.S. Dist. LEXIS 88025 at * 9.  Critically, the *Maldanado* court held "these are conclusory allegations disguised as legal conclusions." *Id.* (citing *Dyer v. Lara's Trucks, Inc.,* No. 12-785, 2013 U.S. Dist. LEXIS 21906, 2013 WL 609307 at * 4 (N.D. Ga. Feb. 19, 2013)).[5]  Just as in *Maldanado*, Plaintiffs' claims in this case are not sufficient to survive a Rule 12(b)(6) motion.  Accordingly, this Court should find that Plaintiffs have not adequately alleged an FLSA collective action for the reasons stated in *Maldanado*, *i.e.*, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.*  (citing *Taylor v. Books A Million, Inc.,* 296 F.3d 376 at 378 (5th Cir. 2002)).

---

[5] "The Plaintiff merely asserts that she seeks a collective action with a class of employees that is 'similarly situated' in terms of job duties, pay, and compensation.' This is a legal conclusion." *Dyer v. Lara's Trucks, Inc.,* No. 12-785, 2013 U.S. Dist. LEXIS 21906 at * 4 (N.D. Ga. Feb. 19, 2013).

7

**IV.     Plaintiffs are not entitled to double recovery under the FLSA and La. R.S. 23:631.**

*Twombly* dictates that Plaintiffs' allegations be accepted as true for purpose of Rule 12(b)(6) analysis. *See* 550 U.S. at 555. At paragraph 54 of the Complaint, Plaintiffs incorporated all previous paragraphs by reference. *See* R. Doc. 1 at ¶ 54. Hence, Defendants did not misstate Plaintiffs' claims under the Louisiana Final Wage Payment Act like Plaintiffs claim at page 10 of the Opposition. *See* R. Doc. 1 at p. 10. Rather, Defendant was constrained to accept those allegations as true, just as this Court must for purposes of this motion to dismiss.

This means Plaintiffs actually seek double redress under Louisiana law for payment of *overtime* wages, which this Court has explicitly rejected in previous determinations. *See Smith v. Ochsner Health Systems*, 2018 U.S. Dist. LEXIS 79822 at * 1 (E.D. La. May 11, 2018). The distinction that Plaintiffs identify at page 11 [*i.e.*, that they actually only seek "the difference in federal minimum wage and their hourly rate…"] is of no moment. The fact remains that the Complaint, as drafted and filed with the Court, presents a scenario where Plaintiffs would potentially recover that alleged difference under both the FLSA and Louisiana law, which is not permitted based on the allegations in this case. This reasoning also applies to Plaintiffs' claim for penalty wages, which is subject to the strict pleading standards explained in *Steak v. Hat World, Inc.*, 2015-1108 (La. App. 4 Cir. 05/04/16); 191 So.3d 712, 715. None of the conclusory allegations in paragraph 3 of the Prayer for Relief should trigger the punitive relief contemplated by the LWPA. As such, Plaintiffs have not sufficiently alleged facts to substantiate the varied forms of parallel relief they seek in this case.

**V.      CONCLUSION**

The short of the matter is that Plaintiffs' claims rest on old law that applies in different jurisdictions. In contrast, the law that controls this Court's determination indicates Plaintiffs

8

cannot make out a claim under the FLSA or under Louisiana law. Accordingly, for all of the reasons previously stated by Defendants in support of their Motion to Dismiss and/or for More Definite Statement, as well as those stated here, this Court should dismiss Plaintiffs' Complaint. Alternatively, Plaintiffs should be ordered to provide a more definite statement of their claims.

Respectfully submitted,

**PHELPS DUNBAR LLP**


BY:   */s/ Brandon E. Davis*
　　　Brandon E. Davis, T.A. (Bar  #29823)
　　　Kim M. Boyle (Bar #18133)
　　　Jessica M. Thomas (Bar #38424)
　　　Canal Place | 365 Canal Street, Suite 2000
　　　New Orleans, Louisiana 70130-6534
　　　Telephone: 504-566-1311
　　　Facsimile: 504-568-9130
　　　Email: davisb@phelps.com
　　　Email: boylek@phelps.com
　　　Email: jessica.thomas@phelps.com


**ATTORNEYS FOR DEFENDANTS ELLIOTT SECURITY SOLUTIONS, LLC; IAN KENNARD, AND DARRIN ELLIOTT, SR.**


**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of August, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Brandon E. Davis*

PD.26758585.3