UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAPHNE FLEMING AND BRINTNEY JONES** | **CIVIL ACTION** |
| | **NO: 19-2348** |
| **VERSUS** | |
| | **SECTION: T** |
| **ELLIOT SECURITY SOLUTIONS, LLC, IAN KENNARD, AND DARRIN ELLIOT, SR.** | |

## ORDER

Before the Court is a Rule 12(b)(6) Motion to Dismiss and Alternative 12(E) Motion for More Definite Statement[1] filed by defendants, Elliott Security Solutions, LLC ("Elliott"), Ian Kennard ("Kennard"), and Darrin Elliott, Sr. ("Elliott, Sr.") (collectively, "Defendants"). Plaintiffs, Daphne Fleming ("Fleming") and Brintney Jones ("Jones") (collectively, "Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion to Dismiss is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiffs' claims for unpaid wages under the Fair Labor Standards Act ("FLSA"). Plaintiffs allege they "worked for Defendants providing security guard services for Defendants' security guard business,"[3] and that Defendants violated the FLSA by improperly deducting uniform, state licensing, and other miscellaneous expenses from employees' paychecks, such that "these deductions reduce employees' wages below the federally mandated $7.25 per hour…".[4] Defendants allegedly have a "kickback" policy of "improperly obtaining 'kickbacks' from employees, including the plaintiffs and the putative class, because, after deducting the cost of uniforms from their pay, they mandate that employees return those uniforms upon cessation of

---

[1] R. Doc. 11.
[2] R. Doc. 12.
[3] R. Doc. 1 at ¶3.
[4] R. Doc. 1 at ¶15.

1

working for Defendants in order to reserve their final wages."[5] Finally, Plaintiffs argue Defendants fail to pay overtime wages and fail to pay employees in a timely matter.

Defendants move to dismiss Plaintiffs' complaint for failure to state a claim contending that Plaintiffs have not adequately pled any FLSA violations or a collective action.[6]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[7] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[8] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[10] and the documents attached to the complaint.[11]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[12] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in plaintiff's favor.[13] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[14] If factual

---

[5] R. Doc. 1 at ¶17.
[6] R. Doc. 11.
[7] Fed. R. Civ. P. 12(b)(6).
[8] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[10] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[11] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[12] *Iqbal*, 556 U.S. at 678.
[13] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[14] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).

allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[15]

### A. Compensation under the FLSA

The FLSA mandates that employers pay covered employees a minimum wage of $7.25 per hour, and pay covered employees at least one and one-half times their normal rate of pay for hours worked in excess of 40 hours per week.[16] To state a claim for unpaid overtime or minimum wages under the FLSA a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid ... periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime [or minimum] wage requirements; and (4) the amount of overtime [or minimum wage] compensation due."[17] To satisfy the second prong, that the employee engaged in activities within the coverage of the FLSA, the employee must demonstrate that he performed work for which he was not compensated.[18] A plaintiff sufficiently pleads the amount of overtime compensation due by alleging sufficient facts to put the defendant on notice as to the approximate date ranges, as well as the approximate number of hours worked.[19]

In this case, Plaintiffs fail to state a claim under the FLSA because Plaintiffs do not allege facts to support that they were engaged in activities within the coverage of the FLSA, that Defendants violated the FLSA's overtime or minimum wage requirements, or the amount of overtime or minimum wage compensation due. Plaintiffs merely conclude that Defendants violated the FLSA by improperly deducting uniform, state licensing, and other miscellaneous

---

[15] *Twombly*, 550 U.S. at 555.
[16] 29 U.S.C. §§ 206 and 207.
[17] *Johnson v. Heckmann Water Resources, Inc.*, 758 F.3d 627, 630 (5th Cir.2014).
[18] *Harvill v. Westward Commc'ns L.L.C.*, 433 F .3d 428, 441 (5th Cir.2005).
[19] *Maldanado v. New Orleans Millworks, LLC*, 2017 WL 2472358, at *2 (E.D. La. June 8, 2017)(internal quotations omitted).

3

expenses from employees' paychecks[20] and by failing to pay overtime wages[21] without providing factual allegations to support approximate date ranges or the approximate number of hours worked. Therefore, Plaintiffs have not stated a claim under the FLSA.

### B. Collective Action Under the FLSA

The FLSA authorizes "one or more employees to pursue an action in a representative capacity for 'other employees similarly situated.'"[22] The FLSA has not, nor has the Fifth Circuit, defined what "similarly situated" means.[23] This Court traditionally follows a two-step analysis to determine whether plaintiffs are similarly situated.[24] Step one asks, at the "notice stage," whether "notice should be given to potential members of the collective action" based on the pleadings.[25] Because there is little evidence at the notice stage, the standard is lenient and typically results in a conditional certification.[26] To determine whether plaintiffs are similarly situated, the next step is to ask: "(1) the extent to which the employment setting is similar; (2) the extent to which any defenses the employer has are common or individuated; and (3) general fairness and procedural considerations."[27]

Here, Plaintiffs have not yet reached the first certification stage because Plaintiffs have not yet moved for certification or for specific notices to be distributed. Accordingly, determination of a conditional certification is pre-mature. However, in order to survive a Rule 12(b)(6) motion, Plaintiffs must still "have adequately pleaded that [they are] similarly situated to potential collective action members."[28] "[O]pinions from district courts ... are inconsistent, arriving at

---

[20] R. Doc. 1 at ¶15.
[21] R. Doc. 1 at ¶50.
[22] *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008) (citing 29 U.S.C. § 216(b)).
[23] *See id.* at 573.
[24] *Lang v. DirectTV, Inc.,* 735 F. Supp. 2d 421, 434-35 (E.D. La. 2010).
[25] *Id.* at 435.
[26] *Id.*
[27] *Id.*
[28] *See id.* at 435-36.

4

different conclusions as to ... whether a motion to dismiss or collective action certification is the proper stage in the proceedings to address [conditional certification]."[29] However, this Court finds the proposition that dismissal of a collective action is inherently improper on a Rule 12(b)(6) motion to dismiss is inaccurate.[30]

It is well settled that federal plaintiffs must first satisfy the mandates of Fed. R. Civ. P. 8(a) and allege facts that are "enough to raise a right to relief above the speculative level."[31] Here, Plaintiffs merely assert that a collective action is proper because "[m]embers of the proposed Collective Action Class are similarly situated, as they have substantially similar job requirements and provisions and are subject to a common practice, policy or plan that requires them to perform work without federally-mandated compensation."[32] This is a conclusory allegation disguised as legal conclusion.[33] Plaintiffs merely speculate that a class may exist and that this hypothetical class may have suffered widespread FLSA violations. This is not sufficient to survive a Rule 12(b)(6) motion. Accordingly, the Court finds that Plaintiffs have not adequately alleged an FLSA collective action.

## CONCLUSION

Accordingly, **IT IS ORDERED** that the Rule 12(b)(6) Motion to Dismiss and Alternative 12(E) Motion for More Definite Statement[34] filed by defendants, Elliott Security Solutions, LLC, Ian Kennard, and Darrin Elliott, Sr. is **GRANTED.**

---

[29] *Creech v. Holiday CVS, LLC*, 2012 WL 4483384, at *6–7 (M.D. La. Sept. 26, 2012).
[30] *See e.g., Maldanado,* 2017 WL 2472358, at *3; *See also Lang*, 735 F. Supp. 2d at 436 (holding that, while determination of conditional certification was pre-mature on a Rule 12(b)(6) motion to dismiss, the plaintiffs adequately pleaded that a potential class existed by detailing the scope of the FLSA violations, the job titles of the putative class members, the job duties of the potential members, and the means by which the violations occurred).
[31] *Twombly,* 550 U.S. at 555.
[32] R. Doc. 1 at ¶29.
[33] *See Dyer v. Lara's Trucks, Inc*., 2013 WL 609307, at *4 (N.D. Ga. Feb. 19, 2013) ("The Plaintiff merely asserts that she seeks a collective action with a class of employees that is 'similarly situated in terms of job duties, pay, and compensation.' This is a legal conclusion.").
[34] R. Doc. 11.

**IT IS FURTHER ORDERED** that Plaintiffs are granted an additional twenty-one (21) days from the entry of this Order to file an amended complaint alleging a Fair Labor Standards Act collective action. If an amended complaint is not filed, Plaintiff's Fair Labor Standards Act collective action claims will be dismissed with prejudice.

**New Orleans, Louisiana**, on this  22nd  day of January, 2020.

_____
**GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE**