UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAPHNE FLEMING AND BRINTNEY JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-2348** |
| **ELLIOT SECURITY SOLUTIONS, LLC, IAN KENNARD, AND DARRIN ELLIOT, SR.** | **SECTION: T** |

### ORDER

Before the Court is Plaintiffs' Motion to Conditionally Certify FLSA Collective Action Classes and to Facilitate Notice Under 29 U.S.C. § 216(b)[1] filed by Daphne Fleming and Brintney Jones ("Plaintiffs"). Elliott Security Solutions, LLC, Ian Kennard, and Darrin Elliott, Sr. ("Defendants") have filed an opposition.[2] For the following reasons, Plaintiffs' Motion to Conditionally Certify FLSA Collective Action Classes and to Facilitate Notice Under 29 U.S.C. § 216(b)[3] is **DENIED.**

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs assert a Fair Labor Standards Act ("FLSA") collective action claim on behalf of themselves and similarly-situated "security guard" employees of Defendants seeking damages for unpaid minimum wages, overtime wages, and liquidated damages.[4] Defendants provide security guard services to the Greater New Orleans area. Defendants employ security guards and pay them hourly.[5] Between 2017 and 2019, Plaintiffs worked as security guards for Defendants.[6] Plaintiffs allege that during this time, Defendants enforced several discrete payroll practices that violated

---

[1] R. Doc. 42.
[2] R. Doc. 51.
[3] R. Doc. 42.
[4] *Id.*
[5] *Id.* at 3.
[6] R. Doc. 51.

FLSA, such as: (1) deducting uniform, state licensing, and other miscellaneous expenses from their paychecks, which reduced the Plaintiff's wages to less than the federal minimum wage and/or reduced overtime pay; (2) instituting a kickback scheme, whereby the Plaintiffs were required to purchase uniforms from Defendants and had to return them upon cessation of employment, without receiving any refund for the cost of their purchase; (3) failing to pay overtime, at one-half times their regular pay rate, for all hours worked in excess of 40 hours per week; and (4) failing to pay Plaintiffs' liquidated damages for "one or more periods in which they did not receive their paychecks on time, in the amount of each paycheck untimely paid."[7]

On March 13, 2019, Plaintiffs filed suit against Defendants.[8] On July 26, 2019, Defendants submitted a motion to dismiss, which this Court granted without prejudice on January 22, 2020.[9] On February 12, 2020, Plaintiffs filed a First Amended and Supplemental Collective Action Complaint, and both parties exchanged written discovery through April 14, 2020.[10] Plaintiffs submitted this Motion to Certify on May 8, 2020, to seek certification of three separate classes, which Plaintiffs define as follows:

(1) the Deductions/Kickback Class

> All persons employed by Defendants as security guards since May 2017 who had deductions made from their pay to purchase from Defendants certain items such as uniforms, equipment and other miscellaneous expenses for the primary benefit of Defendants, which resulted in them earning less than the federal minimum wage and/or less than the mandatory one and one-half times their regular rate of pay during weeks when they worked in excess of 40 hours per week, in direct violation of the antikickback provisions of the FLSA.

(2) the Overtime Class

---

[7] *Id.*; R. Doc. 42, pp. 9-10.
[8] R. Doc. 51.
[9] *Id.*
[10] *Id.*

> All persons employed by Defendants as security guards since May 2017 who were paid at a straight time or flat rate of pay for hours that they worked in excess of 40 per week, in direct violation of the FLSA.

(3) the Late Payment Class

> All persons who worked for Defendants as security guards since May 2017 and who received one or more paychecks late due to Defendants' failure to pay them timely, but did not receive liquidated damages due to Defendants' late payment, in direct violation of the FLSA.[11]

Plaintiffs have also asked the Court, if the collective class is certified, to notify putative class members promptly on their ability to opt in to this suit.[12] Plaintiffs claim that early distribution of notice is necessary because the statute of limitations runs until potential plaintiffs affirmatively opt-in.[13] Plaintiffs have not established a precise number of potential putative members but contend they will be ascertainable from Defendant's records. Thus, Plaintiffs have asked this Court to: (1) request Defendants produce, within 14 days, a computer-readable database that includes the names of all potential members of each of the proposed collective classes with their last known mailing address and phone numbers; (2) approve the proposed notice and opt-in forms for each proposed class submitted to this Court; (3) order Defendants post the notice in their place of employment, readily visible to employees; and (4) require potential putative members to return signed consent forms to Plaintiffs within 90 days (received or postmarked) once notices are mailed.[14]

Defendants contend that Plaintiffs have failed to make the minimum showing necessary to qualify for conditional class certification of their FLSA claims.[15] Defendants assert Plaintiffs have not alleged any actionable FLSA violations to substantiate the certification of any class, and that

---

[11] R. Doc. 42, p. 3, 8, 11, 13.
[12] R. Doc. 42, p. 14.
[13] *Id.*
[14] *Id.* at 15.
[15] R. Doc. 51.

Plaintiffs' motion to certify fails to establish any of the required *Lusardi* factors.[16] Specifically, Defendants claim Plaintiffs have failed: (1) to identify a policy or practice of an illegal kickback scheme or any policy or practice that results in any minimum wage violations, (2) to identify a policy or practice that resulted in late payments that violated the FLSA, and (3) to demonstrate conditional class certification of an overtime wage class is appropriate.

## LAW AND ANALYSIS

The FLSA establishes minimum labor standards for minimum wage, overtime pay and record keeping requirements, and creates a private right of action for employees when these rights are violated.[17] Under § 216(b) of the FLSA, one or more employees may pursue a collective action against an employer if all plaintiffs (1) are "similarly situated," and (2) give consent in writing, filed in the court in which the action is brought.[18] The FLSA does not establish a test to determine whether employees are "similarly situated" but courts in the Fifth Circuit apply the two-step process articulated in *Lusardi*.[19]

The first determination is made at the "notice stage" where the district court makes a decision based on pleadings and affidavits submitted by the parties to determine whether to give notice of the action to other potential class members.[20] Because the court has minimal evidence at

---

[16] R. Doc. 51.
[17] 29 U.S.C. §§§ 206(a)(1), 207(2)(1), 216(b).
[18] 29 U.S.C. §216(b). (otherwise known as the "opt-in" procedure).
[19] *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (1987). *See e.g. Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2007 WL 5200224 at *2 (E.D. La. Aug. 21, 2007) (stating that district courts in the Fifth Circuit have uniformly used the *Lusardi* approach to determine whether a collective action should be certified under FLSA); *England v. New Century Financial Corp.*, 370 F.Supp.2d 504, 509 (M.D. La. 2005) (finding that the Eastern District of Louisiana more often used the *Lusardi* approach); *Lang v. DirectTV, Inc.*, No. 10-1085G1, 2011 WL 6934607 at *7 (E.D. La. 2011) (applying the *Lusardi* approach because it is the more common and routinely used by courts in the Eastern District).
[20] *Mooney v. Aramco Servs. Co.*, 53 F.3d 1207, 1214 (5th Circ. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)).

this stage, courts use a lenient standard that typically results in certification.[21] If a district court "conditionally certifies" the class, putative class members are given notice and an opportunity to "opt-in" to the action as a representative throughout discovery.[22] Although a lenient standard, "general allegations that an employer violated FLSA are insufficient."[23] Typically, courts require only a modest factual basis and do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[24] Further, some variation between potential claimants is not determinative of lack of similarity.[25]

The Court finds that conditional certification is not appropriate in this case because Plaintiffs have failed to meet the threshold requirement of showing that similarly-situated individuals exist. At the notice stage, the plaintiff bears the burden to demonstrate that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit."[26] In support of the claim that other similarly-situated individuals exist, Plaintiffs identify only the *Rodney* plaintiffs as individuals also subject to Elliott's alleged practices.[27] However, the *Rodney* action is no longer pending because those individual claims have resolved.[28] The *Rodney* plaintiffs chose to proceed

---

[21] *Id.*
[22] *Id.*
[23] *Chapman v. LHH Grp. Inc.*, No. 13-6384, 2014 WL 6318785, at *6 (E.D. La. Nov. 13, 2014).
[24] *See id* (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J 1988)).
[25] *Id. See also, e.g., Donohue v. Francis Services, Inc.*, No. 04-170, 2004 WL 1161366 at *2 (E.D Ls. May 24, 2004) (similarity standard met where current and former employees were subject to the same company-wide payment policies); *Crain v. Helmrich and Pain International Drilling Co.*, No. 92-0043, 1992 WL 91946, at *2 (E.D. La. April 16, 1992) ("similarly situated" requirement met where employees were subject to a company-wide policy that deprived them of payment for engaging in mandatory job-relating meetings and trainings).
[26] *See Lang*, 2011 WL 6934607, at *4 (quoting *Morales v. Thang Hung Corp.*, 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex., Aug. 14, 2009); *See, e.g., Bridges*, 2016 WL 6440326 at *3; *Smith v. Dasuya Enterprises LLC*, No. 17-17895 2020 WL 210277, at *3 (E.D. La. Jan. 14, 2020).
[27] R. Doc. 42-1 at 12.
[28] R. Doc. 47.

in their respective individual capacities.[29] Other than naming the *Rodney* plaintiffs, Plaintiffs fail to identify other individuals who actually worked under conditions that were the same or similar to theirs and who were paid in the same fashion. Plaintiffs' general allegation that "there are many other similarly situated current or former workers [sic]," is insufficient to support that other similarly-situated employees exist.[30]  Plaintiffs further fail to offer any evidence to support a claim that the putative class suffered the alleged company-wide policy in violation of the FLSA. As a result, Plaintiffs have not shown that a factual nexus exists that binds Plaintiffs with alleged class members. Therefore, the Court finds that conditional certification is not appropriate because Plaintiffs have failed to provide a reasonable basis to support that other similarly-situated employees exist.

## CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion to Conditionally Certify FLSA Collective Action Classes and to Facilitate Notice Under 29 U.S.C. § 216(b)[31] is **DENIED.**

**New Orleans, Louisiana**, on this 16th day of July, 2020.

*[signature]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[29] Case No. 19-11890 (E.D. La.), R. Doc. 17 ("This Amended Complaint is not brought as a collective action, but rather asserts individual claims on behalf of all Plaintiffs.").
[30] R. Doc. 42.
[31] R. Doc. 42.