UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAPHNE FLEMING AND BRINTNEY JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-2348** |
| **ELLIOT SECURITY SOLUTIONS, LLC, IAN KENNARD, AND DARRIN ELLIOT, SR.** | **SECTION: T** |

## ORDER

Before the Court is a Motion for Reconsideration of this Court's Order of July 16, 2020 (Rec. Doc. 58)[1] and supplemental memorandum[2] filed by Daphne Fleming and Brintney Jones ("Plaintiffs"). Elliott Security Solutions, LLC, Ian Kennard, and Darrin Elliott, Sr. ("Defendants") have filed an opposition.[3] For the following reasons, the motion for reconsideration is **DENIED.**

## BACKGROUND

Plaintiffs asserted a Fair Labor Standards Act ("FLSA") collective action claim on behalf of themselves and similarly-situated "security guard" employees of Defendants seeking damages for unpaid minimum wages, overtime wages, and liquidated damages.[4] On May 8, 2020, Plaintiffs filed a Motion to Conditionally Certify FLSA Collective Action Classes and to Facilitate Notice Under 29 U.S.C. 216(b), seeking certification of three discrete classes. On July 16, 2020, this Court denied Plaintiffs' motion for conditional class certification. The Court reasoned that Plaintiffs failed to meet the threshold requirement of showing that similarly-situated individuals exist and that Plaintiffs failed to offer any evidence to support a claim that the putative class suffered the alleged company-wide policy in violation of the FLSA. Plaintiffs now ask the Court to reconsider

---

[1] R. Doc. 60.
[2] R. Doc. 66.
[3] R. Doc. 67.
[4] *Id.*

1

that denial contending that the evidence presented squarely falls within the lenient standard set forth in *Lusardi* for both establishing that other aggrieved employees exist and they are similarly situated to the Plaintiffs.[5]

## LAW AND ANALYSIS

A motion under Federal Rule of Civil Procedure 59(e) "calls into question the correctness of a judgment."[6] The Fifth Circuit Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.[7] Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[8] Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.[9] "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact."[10]

The Court finds Plaintiffs have failed to establish that there has been an intervening change in the controlling law, failed to provide any newly discovered evidence that was previously unavailable, and failed to point to a manifest error of law or fact. Although Plaintiffs contend that they have located two former employees of Defendants who were subjected to the same unlawful policies as Plaintiffs, Plaintiffs have not established that this evidence was previously unavailable. Plaintiffs' motion to reconsider merely rehashes the legal theories and arguments offered in Plaintiffs' original motion for certification. Plaintiffs, again, assert that their original motion met

---

[5] R. Doc. 60, p.1.
[6] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.2002).
[7] *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990).
[8] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted).
[9] *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir.2004) (internal citations omitted).
[10] *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012).

the *Lusardi* factors. Because Plaintiffs have failed to clearly establish either a manifest error of law or fact and have failed to present newly discovered evidence, Plaintiffs have failed to establish grounds to support reconsideration of the Court's order denying class certification.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Reconsideration of this Court's Order of July 16, 2020 (Rec. Doc. 58)[11] is **DENIED.**

**New Orleans, Louisiana**, on this 23rd day of October, 2020.

*[signature]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. 60.