UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAPHNE FLEMING AND BRINTNEY JONES** | **CIVIL ACTION** |
| | **NO: 19-2348** |
| **VERSUS** | |
| | **SECTION: T** |
| **ELLIOT SECURITY SOLUTIONS, LLC, IAN KENNARD, AND DARRIN ELLIOT, SR.** | |

### ORDER

Before the Court is a Motion for Partial Summary Judgment[1] filed by Elliott Security Solutions, LLC, Ian Kennard, and Darrin Elliott, Sr. ("Defendants"). Daphne Fleming and Brintney Jones ("Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion for Partial Summary Judgment[3] is **GRANTED IN PART** and **DENIED IN PART.**

### BACKGROUND

Plaintiffs are former employees of Defendants who assert that Defendants failed to pay overtime in accordance with the Fair Labor Standards Act ("FLSA"), failed to pay timely under the FLSA, and failed to pay them Plaintiff's final wages in accordance with the Louisiana Final Wage Payment Act, La. R.S. 23:631, *et seq*. ("WPA"). Plaintiffs worked for Defendants from late 2017 until around the beginning of 2019.[4] Plaintiffs allege Defendants improperly deducted the cost of equipment, uniforms, licenses, and other costs from Plaintiff's paychecks, which resulted in Plaintiffs not being paid at the overtime rate for hours worked in excess of 40 hours per week. Plaintiffs further allege that Defendants instituted an unlawful kickback scheme whereby Plaintiffs were forced to purchase uniforms from Defendants but had to return them upon cessation of

---

[1] R. Doc. 73.
[2] R. Doc. 75.
[3] R. Doc. 73.
[4] R. Doc. 73-3.

1

employment without any refund for the cost of purchase. Plaintiffs also contend Defendants paid them late in July 2018 and the week of Christmas 2018.  Plaintiffs claim Defendants retroactively reduced Fleming's rate of pay from $14.00 to $13.00 without notice for three weeks in September and October of 2018 and retroactively reduced Jones's rate of pay from $13.00 to $10.55 during her last pay period without notice. Finally, Plaintiffs allege Defendants failed to pay Plaintiffs their final wages.

Defendants contend that Fleming was exempt from overtime compensation because he worked as a Field Supervisor and performed exempt duties under the FLSA. Fleming managed the security services Elliott Security provided at various job sites by checking on employees, maintaining paperwork, and retrieving and delivering timesheets. Fleming also occasionally worked post orders to fill in when a guard did not show up for work. Fleming supervised approximately 40 to 50 employees and was responsible for training employees and counseling employees on their job performance.

Fleming was hired on a salary basis and was paid an hourly rate of pay is at $14 per hour as well as a gas stipend of $50 biweekly, which totaled $1120.00 biweekly. Fleming was paid this salary even when he worked less than 40 hours. When Fleming worked more than 80 hours, he was paid straight time in addition to his guaranteed salary from September 2017 through February 10, 2018. At some point, Fleming requested that he be paid on an hourly basis, and Defendants agreed. Defendants began compensating Fleming on an hourly basis with time and a half for all hours worked over 40 hours in a work week from February 2018 until Fleming resigned in December 2018.

Jones was hired as a Site Supervisor overseeing eight to ten guards at the Sewerage and Water Board job site. Jones later transferred to work as a security guard at locations like Children's

Hospital, Walgreens, and Dollar General. In both positions, Jones was compensated at the Site Supervisor rate of $13.00 per hour. From January 13, 2019 to January 26, 2019, Jones was compensated at a rate of $10.55 per hour because she performed non-supervisory work after she transferred to become a security guard.

Defendants now move for summary judgment contending they are entitled to judgment as a matter of law. Defendants assert Plaintiff's claims regarding deductions for uniforms and equipment are legally baseless because each Plaintiff agreed to the deductions at the time they were hired. Defendants also contend Plaintiffs have not produced evidence to support their claims for liquidated damages concerning alleged late payments, and Plaintiff's paystubs show Plaintiffs were either paid timely or that untimely payments were *de minimis* and cured upon notice. Finally, Defendants assert that no outstanding final wages are due and owing to Plaintiffs. Therefore, Defendants seek an order dismissing Plaintiff's FLSA claims, all of Jones's claims, and Fleming's WPA claim to the extent it is based on alleged non-payment of overtime wages.

## **LAW AND ANALYSIS**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[6] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[7] The party seeking summary judgment

---

[5] Fed. R. Civ. P. 56(a).
[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[7] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).

bears the burden of demonstrating the absence of a genuine issue of material fact.[8] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[9]

### 1. Plaintiff's Illegal Kickback Claims

Defendants contend they are entitled to summary judgment on Plaintiff's illegal kickback claims because Plaintiffs agreed to rent their equipment and uniforms, and because Plaintiff's wages were never brought below minimum wage as a result of any deductions. Defendants further claim that the FLSA and Louisiana law permit deductions for uniforms, weapons, and equipment as long as those deductions do not reduce an employee's hourly wage below the applicable minimum wage.

"[I]f it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act."[10] 29 C.F.R. § 531.32(c) explains that the cost to the employer of purchasing items, such as uniforms, are primarily for the benefit or convenience of the employer and may not therefore be included in computing wages.

In this case, Defendants acknowledge that Plaintiffs were required to pay a one-time, non-refundable fee of $75 for the rental of uniform items.[11] However, Defendants contend that the undisputed evidence shows that Plaintiff's wages did not fall below the federal minimum wage or cut into Plaintiff's overtime pay. The Court finds Plaintiffs have failed to provide evidence

---

[8] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[9] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).
[10] 29 C.F.R. § 531.35.
[11] R. Doc. 73-4.

4

showing that the uniform expenses reduced Plaintiff's wages below the minimum wage or that the expenses cut into Plaintiff's overtime pay. Accordingly, the Court finds Defendants are entitled to summary judgment on Plaintiff's illegal kickback claims.

### 2. Plaintiff's Late Payment Claims

Defendants contend Plaintiffs are not entitled to liquidated damages because Plaintiffs were timely compensated and late payments – if any – were *de minimis* and immediately cured. An employer violates the FLSA by making late payments.[12] "A cause of action accrues at each regular payday immediately following the work period during which the services were rendered for which the wage or overtime compensation is claimed."[13] In this case, it is undisputed that Plaintiffs were paid late on at least two occasions.[14] Defendants' assertion that their direct deposit system had issues on occasion does not absolve them of the obligation to timely pay their employees. Defendants have cited no authority that precludes an award of liquidated damages to Plaintiffs in this case, and the Court, therefore, finds Defendants are not entitled to judgment dismissing Plaintiff's late payment claims.

### 3. Plaintiff's Overtime Claims

Defendants contend Plaintiff's overtime claims should be dismissed because Defendants paid Jones overtime and Fleming was a supervisor exempt from overtime pay. The FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."[15] If the employer claims "that the suing employee is exempt from the overtime requirement," then

---

[12] *See Singer v. City of Waco, Tex.*, 324 F.3d 813, 828 (5th Cir. 2003).
[13] *Halferty v. Pulse Drug Co., Inc.,* 821 F.2d 261, 271 (5th Cir.1987).
[14] R. Doc. 75-2.
[15] 29 U.S.C. § 207(a)(1).

the employer "has the burden of proving that the employee falls within the claimed exempted category."[16]

Defendants contend Jones was paid overtime at the appropriate rate for every hour she worked over forty for each workweek. Jones testified that she was paid $10.55 an hour instead of her initial $13.00 an hour pay rate for her last paycheck totaling approximately $179.70 in the difference of wages. Defendants assert that Jones's pay was reduced from $10.55/hour from $13.00/hour when she changed positions from Site Supervisor to guard, and that she was properly paid at the rate of $10.55/hour. However, Plaintiffs contend that Jones's pay rate was $13.00/hour according to Jones's employment agreement and Jones's paystubs. The Court finds that the summary judgment evidence submitted shows that there are disputed facts regarding Jones's pay rate. Therefore, Defendants have not established they are entitled to judgment as a matter of law dismissing Jones's overtime claims.

Defendants contend Fleming qualifies for the administrative exemption and the executive exemption. An employee falls under the administrative exemption when (1) the employee is "compensated on a salary or fee basis at a rate of not less than $455 per week"; (2) the employee's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance."[17] The short test for the executive exemption, consistently applied by the Fifth Circuit, requires the employer to prove (1) that the employee was compensated on a salary basis of not less than $250 per week, (2) that the employee was primarily responsible

---

[16] *Samson v. Apollo Res., Inc.,* 242 F.3d 629, 636 (5th Cir.2001).
[17] 29 C.F.R. § 541.200(a).

for the management of a customarily recognized department or subdivision thereof, and (3) that the employee customarily and regularly directed the work of two more employees.[18]

Plaintiffs contend that Fleming cannot qualify for an exemption because he was not a salaried employee. An employee will be considered to be paid on a "salary basis" if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.[19] Plaintiffs submit Fleming's paystubs showing that Fleming was paid based on the hours worked when he worked less than 40 hours per week.[20] Therefore, the Court finds there are disputed material facts precluding summary judgment regarding Fleming's overtime claim.

   4. Plaintiff's WPA Claims

Defendants assert they are entitled to judgment dismissing Jones's WPA claims and Fleming's WPA claims to the extent they are based on alleged non-payment of overtime wages. La. R.S. 23:631 (A)(1)(a) provides that upon discharge of an employee, the employer shall "pay the amount then due under the terms of employment . . . on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first." The purpose of the WPA is "to compel an employer to pay the earned wages of an employee promptly after his dismissal or resignation and to protect discharged Louisiana employees from unfair and dilatory wage practices by employers."[21]

---

[18] 29 C.F.R. § 541.1(f); *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 332 (5th Cir.2000).
[19] 29 C.F.R. § 541.602.
[20] R. Doc. 75-4.
[21] *Slaughter v. Bd. of Supervisors of Southern Univ. & Agric. & Mech. Coll.*, 2010-1049 (La. App. 1 Cir. 8/2/11), 76 So.3d 438, 446.

First, Defendants contend Jones was timely paid her final wages and that no additional wages are due and owing. Defendants assert that Jones's pay was reduced from $10.55/hour from $13.00/hour when she changed positions from Site Supervisor to guard, and that she was properly paid at the rate of $10.55/hour in her last paycheck. However, Plaintiffs contend that Jones's pay rate was $13.00/hour according to Jones's employment agreement and Jones's paystubs. Because there is a dispute of material facts regarding Jones's pay rate, summary judgment dismissing Jones's WPA claim is not appropriate.

Next, Defendants contend Fleming's WPA claim must be dismissed to the extent it is based on alleged non-payment of overtime wages. Plaintiffs, however, assert Fleming's WPA claim is not based on alleged non-payment of overtime wages. Therefore, the Court will dismiss Fleming's WPA claim for non-payment of overtime wages.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Partial Summary Judgment[22] is **GRANTED IN PART,** and Plaintiff's claims alleging illegal kickbacks and Fleming's WPA claims for non-payment of overtime wages are **DISMISSED WITH PREJUDICE**. **IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment[23] is **DENIED** in all other respects.

**New Orleans, Louisiana**, on this 9th day of November, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 73.
[23] R. Doc. 73.