**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAPHNE FLEMING AND BRINTNEY JONES** | **CIVIL ACTION** |
| | **NO: 19-2348** |
| **VERSUS** | **SECTION: T** |
| **ELLIOT SECURITY SOLUTIONS, LLC, IAN KENNARD, AND DARRIN ELLIOT, SR.** | |

## ORDER

Before the Court is a Motion *In Limine* to Exclude Evidence, Testimony, Argument, and References Relating to Certain Irrelevant, Prejudicial, and Inadmissible Matters[1] filed by Elliott Security Solutions, LLC, Ian Kennard, and Darrin Elliott, Sr. ("Defendants"). Daphne Fleming and Brintney Jones ("Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion *In Limine* to Exclude Evidence, Testimony, Argument, and References Relating to Certain Irrelevant, Prejudicial, and Inadmissible Matters[3] is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

Plaintiffs are former employees of Defendants who assert that Defendants failed to pay overtime in accordance with the Fair Labor Standards Act ("FLSA"), failed to pay timely under the FLSA, and failed to pay them Plaintiff's final wages in accordance with the Louisiana Final Wage Payment Act, La. R.S. 23:631, *et seq*. ("WPA"). Defendants seek an Order prohibiting Plaintiffs from referring to the following subjects:

1. Claims beyond pleadings including any claim that Plaintiffs were allegedly denied fringe benefits such as vacation pay and off the clock work for attending meetings.

---

[1] R. Doc. 71.
[2] R. Doc. 74.
[3] R. Doc. 71.

1

2. That Defendants allegedly willfully violated the FLSA because a willful violation of the FLSA would only be relevant to extending the time period for recovery from two years to three years, but in this case, Plaintiffs did not work beyond the two year time period.

3. Class claims and evidence of how other employees were allegedly paid because the Court denied Plaintiffs' Motion for Conditional Certification (R. Doc. 58) and there are only two Plaintiffs in the lawsuit.

4. The now dismissed collateral proceeding, *Derrick Rodney and Jerome Batiste v. Elliott Security Solutions, LLC et al*., No. 19-11890 (E.D. La) (hereinafter, the Rodney case), which was resolved by an offer of judgment that disclaimed all liability prior to the completion of discovery, and where the two cases were not consolidated.

5. Testimony regarding Defendants' former in-house attorney, John R. Ellis, because Defendants do not waive attorney-client privilege and any potential testimony of Mr. Ellis is irrelevant.

Under Fed. R. Evid. 402, "[e]vidence which is not relevant is not admissible." Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Even if evidence has some probative value, the Court may exclude it if the risk of confusing the issues and misleading the jury outweighs the probative value. Fed. R. Evid. 403.

Defendants contend evidence concerning claims that were not pled in Plaintiffs' pleadings including alleged fringe benefits/vacation pay and off the clock work is inadmissible and should be excluded. Plaintiffs contend this information is readily admissible at trial and Defendants have asserted no valid basis to exclude it. The Court finds that Defendants have failed to establish that any and all evidence related to alleged fringe benefits/vacation pay and off the clock work should be deemed inadmissible. Therefore, the Court will deny the motion regarding this request. Defendants can address these issues through objections, cross-examination, and proposed jury instructions if the need arises at trial.

Defendants contend that evidence showing Defendants willfully violated the FLSA should be excluded because a willful violation of the FLSA would only be relevant to extending the time period for recovery from two years to three years, but in this case, Plaintiffs did not work beyond the two year time period. Plaintiffs agree that evidence used to expand the general limitations period for recovery from two years to three years pursuant to 29 U.S.C. § 255(a) is not relevant in this case. However, Plaintiffs are entitled to submit evidence showing Defendants acted in bad faith, and the Court will, therefore, deny Defendants request for an order prohibiting the introduction of any evidence that Defendants willfully violated the FLSA.

 Defendants next assert that any evidence concerning class claims and compensation of other individuals is clearly inadmissible and should be excluded. Defendants all contend that, for the same reason, any evidence concerning the prior dismissed *Rodney* case is inadmissible and should be excluded. Plaintiffs acknowledge that this evidence is not particularly probative of whether Defendants failed to pay Plaintiffs correctly. Instead, Plaintiffs contend this evidence is directly probative as to whether Defendants acted in good faith in failing to pay Plaintiffs properly under state and federal law. However, the Court finds that evidence concerning class claims and compensation of other individuals and any evidence related to the prior dismissed *Rodney* case is inadmissible regarding Plaintiffs' claims against Defendants. Therefore, the Court will grant Defendants' request seeking to prohibit the introduction of any evidence concerning class claims, compensation of other individuals, or the *Rodney* case.

Finally, Defendants contend Plaintiffs should be prohibited from introducing evidence and testimony by Defendants' former in-house attorney, John R. Ellis. Plaintiffs assert that evidence relating to a payment dispute between Defendants and John R. Ellis is not privileged and is directly relevant to Defendants' bad faith failure to pay Plaintiffs. However, John R. Ellis is not a named

plaintiff in this case, and, therefore, any evidence and testimony by Mr. Ellis and the alleged payment of Mr. Ellis's salary is inadmissible, irrelevant, and the Court will grant Defendants' request to prohibit the introduction of such evidence.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion *In Limine* to Exclude Evidence, Testimony, Argument, and References Relating to Certain Irrelevant, Prejudicial, and Inadmissible Matters[4] is **GRANTED IN PART,** and no evidence related to class claims, compensation of other individuals, the *Rodney* case, or John R. Ellis shall be introduced. The motion is **DENIED** in all other respects.

**New Orleans, Louisiana**, on this 21st day of December, 2020.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

---

[4] R. Doc. 71.