UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAPHNE FLEMING AND                                   CIVIL ACTION
BRINTNEY JONES

VERSUS                                               NO: 19-2348

ELLIOTT SECURITY SOLUTIONS,                          SECTION: "T" (4)
LLC; IAN KENNARD AND DARRIN
SR.

## ORDER & REASONS

Before the Court is Plaintiffs Daphne Fleming and Britney Jones (collectively "Plaintiffs")

**Plaintiffs' Motion to Set Attorneys' Fees and Costs (R. Doc. 114)**, requesting fees and costs in

the amount of $99,109.54 is reasonable and fair under the Fair Labor Standards Act, 29 U.S.C.

201, *et seq.* ("FLSA").

## I.      Factual Summary

Plaintiffs are former employees of Defendants who assert that Defendants failed to pay

overtime in accordance with the Fair Labor Standards Act ("FLSA"), failed to timely pay Plaintiffs

wages, and failed to pay Plaintiffs' final wages in accordance with the Louisiana Final Wage

Payment Act, La. R.S. 23:631, et seq. ("WPA"). Plaintiffs worked for Defendants from late 2017

until around the beginning of 2019. Plaintiffs further allege that Defendants improperly deducted

the cost of equipment, uniforms, licenses, and other costs from their paychecks, which resulted in

them not being paid at the overtime rate for the hours worked more than 40 hours per week.

After litigating for three years, the parties settled the claims on March 1, 2021 for a

recovery of $17,356.12. R. Doc. 103.  Plaintiffs now seek to recover $99,109.54 as a fee request.

This motion is hotly contested.

1

## II.   Standard of Review

The FLSA provides that "[t]he court in [an FLSA action for unpaid overtime or minimum wages] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, shall award reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. 216(b). The purpose of this provision is to encourage private litigators to act as "private attorneys general" on behalf of enforcement of the civil rights laws so as to ensure that plaintiffs would be able to obtain competent legal representation for the prosecution of legitimate nonpayment claims. *Newman v. Piggie Park Enters.*, 390 U.S. 400, 401-02 (1968).

The criteria to be applied in determining the proper amount of fees to be awarded are articulated for this Circuit in, *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714 (5th Cir.1974). The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in, *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id*.

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

III.   **Analysis**

A.   **Reasonableness of Hourly Rates**

Plaintiffs' counsels are Jody Jackson ("JFJ") and Mary Bubbett Jackson ("MBJ"). Plaintiffs contend that their counsel Mr. Jackson and Mrs. Mary Jackson have in excess of 17 years of experience in civil litigation and have acted as lead counsel in the litigation of nearly 70 FLSA cases (many of which were collective actions) across three states.[1]

Mr. Jackson was admitted to practice law in Louisiana in 2004 and he is also admitted to practice in Alabama. Mrs. Jackson was admitted to practice in Louisiana in 2004. R. Doc. 114-2. She has primarily practiced in the employment law area including FLSA. Mrs. Jackson indicates in her affidavit that she and her husband are the only attorneys in the firm. She also indicated that due to the lack of fulltime administrative staff she and her husband handle administrative tasks which they do not bill for. *Id*.

Plaintiffs' counsel contend that their hourly rate is based upon the prevailing market rates in the New Orleans area for attorneys of comparable experience. Plaintiffs' counsel maintained contemporaneous, time records regarding their work in this litigation. Plaintiffs' counsel represented that a non-redacted copy can be provided for the Court to review in camera if requested. They bill in tenth of an hour increments at an hourly rate of $350.00.[1]

Defendants contend that Plaintiffs' counsel have failed to prove the reasonableness of their hourly rate for their counsel in this simple, two plaintiff, wage and hour dispute which did not even result in conditional class certification. R. Doc. 120-2. The Defendants contend that the burden of demonstrating the hourly rate lies with the party seeking attorney fees and they failed to do so. *Id*. The Defendants contend that notably absent from the affidavit of Mr. Jackson is any attestation

---

[1] Plaintiffs counsels' firm is small size and does not employee fulltime administrative staff, there are times that attorneys in our firm must handle tasks that are more administrative in nature. However, they do not bill for that time.

that $350.00 is the customary billing rate for him or Mrs. Jackson. *Id*. Additionally, the Defendants contend that conspicuously absent is any attestation from Mr. Jackson that a Court has approved a $350.00 hourly rate for either lawyer. *Id*.

Defendants further point out that Plaintiffs' counsel provided only one declaration, from Mr. John O. Pieksen, Jr., in support of the requested hourly rate of $350.00. Moreover, they contend that, while the affidavit indicates that an hourly rate of $350.00 is reasonable for FLSA work, he fails to specify whether that rate is reasonable for the instant case. Consequently, the Defendants contend that his affidavit is not sufficient evidence of the reasonableness of their rates in this "simple wage and hour dispute with only two plaintiffs" and is insufficient as a matter of law. *Id*.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987). However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15. Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n. 11.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988); *see also White v. Imperial*

4

*Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is prima facie reasonable." *La. Power & Light*, 50 F.3d at 328, T*rahan v. Crown Drilling, Inc.,* No.2011 WL 3320531, at *4 (E. D. La. July 13, 2011) (Roby, M.J.) (finding attorney's requested rate reasonable because it was not challenged by the opposing party).

The evidence shows that Plaintiffs' counsel have not complied with the requirements of the lodestar regarding support for their hourly rate. First, only one of the two lawyers provided an affidavit, Mr. Jackson. In the affidavit, he attests that the $350.00 hourly rate is appropriate for Mrs. Jackson and is in line with similarly experienced attorneys in FLSA matters. Mr. Jackson attests that Mrs. Jackson has practiced employment law for 10 years with a focus on FLSA litigation. However, she has been licensed for 17 years. R. Doc. 114-2. Mr. Jackson makes no mention of Mrs. Jackson's educational background and only mentions her experience and admissions to both Louisiana and Florida bars. *Id.*

Mr. Jackson also fails to mention his educational background but indicates that he has been licensed to practice law for in Louisiana 17 years as well. *Id.* Like, Mrs. Jackson, he indicates that FLSA litigation is one of the main focuses of his legal practice. *Id.* He attempts to render an opinion that the hours billed were reasonable. *Id.* Mr. Jackson does not attest that $350.00 per hour is the rate actually billed either by he or Mrs. Jackson, only that he thinks that they are reasonable. *Id.*

Further, they include citations to a sundry of cases that are indicative of their experience. However, they do not indicate which, if any, of these cases are FLSA cases where they were

awarded a rate of $350.00 which is their burden to do. Having reviewed the cases cited by the Plaintiffs, none of them reference a rate of $350.00.[2] In *Bridges v. Personal Touch Health Care Services,* a case which was decided on a default judgment, the plaintiffs' attorneys were awarded an hourly rate of $300.00. No. 17-12423, 2018 WL 4104228, (E.D. La. Aug. 29, 2018). Also, in *Berry's Reliable Resources v. Bacon*, after considering Plaintiffs' counsel's request for a $350.00 rate determined that $300.00 per hour was consistent with the market rate. No. 19-12317, 2020 WL 9440406, (E.D. La. Nov. 30, 2020).

In considering the Plaintiffs' attorneys request for $350.00 per hour rate, the Court finds that the affidavits of Mr. Jackson and Pieksen are deficient. The affidavits failed to say: (1) what the Jackson's customary rate is in cases of this type and (2) Pieksen failed to say what the customary rates were for attorneys with the same experience as the Jackson's in FLSA cases. Having determined that counsel has failed to meet their burden, the Court will look to cases in this district to determine a reasonable rate in this district.

The Defendants contend that a blended rate should be used because Plaintiffs' counsel performed associate level work requiring less skill. The Defendant also points out that Plaintiffs' counsel billed for routine clerical or secretarial work including filing documents, calendaring dates, preparing notices of deposition, and service of the complaint. Consequently, Defendants contend that an hourly rate of $250.00 should be used to account for the attorneys associate or administrative work.

---

[2] Many of the cases identified in footnote 1 have settled, but the settlement amounts were not always available in the record. The cases where settlement information was available are *Pace et. al v. Maximum Staffing*, No. 10-2832 EDLA(Settlement amount $75.000 and attorney's fees paid $25,612.32); *Surjani v. Hollywood*, 12-2859 R. doc. #14 (Settlement amount $173,090.32, attorneys fees $52, 520.00 identified in settlement approval request). Only one case involved a reasonable fee determination, in *Delvory, et.al v. Manhattin Management,* 14-2623(B)(2), EDLA (Settlement amount $22,326.78, attorney's fees awarded by the court $37, 931.99 with reasonable hourly rate of $200.00).

While there may be entries that reflect associate level or administrative level work, the Court can account for these hours in its analysis of whether the hours billed were reasonable. The Court, therefore, declines to use a hybrid rate for all of Plaintiffs' counsels' work as requested by Defendants. Nevertheless, the Court finds that an hourly rate of $300.00 is more indicative of the prevailing market rate in this district for the relevant experience of counsel in this matter. *See Bode v. Kenner City*, No. CV 17-5483, 2018 WL 4701541, at *7 (E.D. La. Oct. 1, 2018) (approving a $200.00 hourly rate for an associate with four years of experience and a $270.00 hourly rate for attorney with 16 years of experience); *Warder v. Shaw Grp*., Inc., 2016 WL 3447950, at *2-3 (E.D. La. June 23, 2016) (using lodestar for discovery sanction and awarding hourly rates of $325 for partner with 14 years of experience and $300 for an associate who had 20 years of experience in complex commercial litigation). *See, e.g*., *Hubert v. Curren*, No. 18-7069, 2018 WL 4963595 (E.D. La. Oct. 15, 2018) (reducing rate of partner with 17 years' experience from $400.00/hour to $300.00/hour as prevailing rate in this district); *Bode v. Kenner City*, No. CV 17-5483, 2018 WL 4701541, at *7 (E.D. La. Oct. 1, 2018). *See also Bill Jones v. New Orleans Physician Hospital Organization*, 2019 WL 677029 (E.D. La. Dec. 2019) (where the Court approved a $300.00 per hour rate for attorney with 17 years of experience).

Further, Plaintiffs' counsel has previously been awarded fees in FLSA cases at a rate of $300.00 per hour. *See Morales, et al. v. LMK Baton Rouge Construction*, LLC, et al., No. 15-639, 2017 WL 2304753 (M.D. La Jan. 13, 2017) (R. Doc. 115, 116), Oct. 4, 2017; *Griffis v. UV Logistics,* LLC, No. 15-2740 (W.D. La. Apr. 2, 2019) (R. Doc. 42); *Sauls v. Willie's Chicken Shack*, LLC, No. 16-16596, (E.D. La. May 11, 2019) (R. Doc. 83). Having determined the reasonable rate is $300.00 per hour, the Court will proceed with its review of the billing sheets.

**B.** **Reasonable Hours**.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of billing judgment. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997). Attorneys must exercise billing judgment by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (citing *Walker v. United States Dep't of Housing & Urban Dev.*, 99 F.3d 761, 769 (5th Cir.1996). Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

Hours that are not billed properly to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

After careful consideration of the billing entries on Plaintiffs' fee application, the Court finds that they are not reasonable as stated. As such, the next issue is how to calculate an appropriate, reasonable fee amount. To that end, the Court may either conduct a line-by-line analysis of the bill submitted, or else reduce the award by a reasonable percentage. Given the fact that Plaintiffs' counsel has submitted an itemized list of billable entries, as well as the fact that these entries are reasonably delineated, the Court will conduct a line-by-line analysis of the bill in question to determine whether it is reasonable.

### C.  Unsuccessful Work

Plaintiffs concede that their counsel engaged in some work which was unsuccessful; namely the motion for conditional certification. Consequently, they exercised limited billing

judgment in the amount of 20.60 hours or $7,210.00 deducted from the reasonable fee determination. Plaintiffs also contend that Defendants' actions have repeatedly increased the fees in this matter referencing the Rule 68 Offer of Judgment and the manner in which the offer was made. R. Doc. 114-1. They further contend that it was difficult for them to evaluate the adequacy of the settlement until after August 27, 2020. The Plaintiffs also reference that four days after the Offer of Judgment, they submitted a counteroffer which lead to an additional 20 hours, however they continued to demand $29,452.54 in attorney fees. *Id*.

Defendants, however, point out that Plaintiffs' counsel engaged in more unsuccessful work than what they deducted.  For example, Plaintiffs' counsel worked on the original complaint an amended complaint, and unnecessary discovery including deposing the Defendant company's owner, and deposing one witness in two instances: as a fact and 30(b)(6) witness. R. Doc. 120-2. Defendants point out that an Offer of Judgment of $17,750 was filed before the depositions took place and before the dispositive motion deadline. Defendants further point out that at the time of the Offer of Judgment the attorney's fees incurred according to Plaintiffs was $29,452.54. Ultimately Plaintiffs accepted $17,356.12 in settlement, which was less than what was offered in the Offer of Judgment. R. Doc. 120-2, p. 6.

Defendants further contend that after the Offer of Judgment was filed they filed a Motion for Partial Summary Judgment which was granted in part, dismissing with prejudice Plaintiffs' claims under the FLSA related to alleged improper kickbacks and Fleming's claim under the WPA for Defendants' alleged failure to pay him at the applicable overtime rate. R. Doc. 120-2.

Defendants also contend that Plaintiffs unreasonably and unsuccessfully opposed a request for continuance of the hearing date on the Motion to Conditionally Certify FLSA Collective Action. *Id.* Defendants contend that Plaintiffs engaged in excessive discovery because they received the pay records and time sheets but insisted on taking the deposition of the two owners, with one owner being deposed twice. The Defendants contend that these depositions were not proportional to the needs of the case and did not benefit the case either.

As taught by the Supreme Court decades ago in *Hensley,* "the most critical factor is the degree of success obtained" when determining the proper fee award. 461 U.S. at 436. Work on any unsuccessful claims is not "deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Id.* at 435. Therefore, an award to a prevailing party requires that any "unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim." *Id.* The burden is on the moving party to establish entitlement to attorneys' fees. The Defendants challenges the successfulness of several of the pleadings filed by the Plaintiff. Having set forth the claims, the Court will proceed with its review.

### 1. <u>Complaint, Amended Complaint, and Motion to Dismiss</u>

Plaintiffs' counsel points out that the work performed during the initial phase of the litigation included an initial legal and factual investigation, the drafting of the original complaint, communication with the clients, and other case initiating matters. They contend that the hours billed at the beginning phase of the matter were 23.1 hours. R. Doc. 114-1, p.5.

Defendants contend that the original complaint filed by Plaintiffs included vague factual allegations, threadbare recitations of law, and failed to place them on notice of the specific dates

in which Plaintiffs were allegedly underpaid. They also contend that because of the deficiency in the pleading they filed a Motion to Dismiss or alternatively a Motion for a More Definite statement which was granted. R. Doc. 24 (Order); R. Doc. 25 (Judgment).

A party may recover for time spent on unsuccessful motions so long as it succeeds in the overall claim. *Edwards v. Aaron Rents*, Inc., 482 F.Supp.2d 803, 812 (W.D.Tex.2005) (quoting *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 434 (5th Cir.2003); *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00–CV–0913–D, 2005 U.S. Dist. LEXIS 34557, at *34, 2005 WL 1867292 (N. D. Tex. Aug.5, 2005) (citing *Hensley*, 461 U.S. at 434–35; *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir.1990)), aff'd, 2007 U.S. App. LEXIS 24778 (5th Cir. Oct. 23, 2007), cert. denied, 128 S. Ct. 255. Furthermore, work on the unsuccessful claim must relate to the work on the successful claim, in order to merit such compensation. *Medina v. District of Columbia,* 864 F. Supp. 2d 13 (U.S. District of Columbia, April 23, 2012).

The record confirms that after the Motion to Dismiss, the District Judge granted the motion requiring the Plaintiffs' counsel to file an amended complaint providing additional facts because the original complaint did not state a claim. The facts were to provide adequate notice of the claim. R. Doc. 24. The hours associated with the drafting of the original complaint and the response to the motion to dismiss totals 10.3 hours.[3] These 10.3 hours did not benefit the case and will therefore be disallowed.

---

[3] 2/28/19 MBJ 1.70 hours; 2/28/19 JFJ 0.50 hours; 3/2/19-.80 hours; 3/13/19 MBJ 1.00 hours; 7/26/19-JFJ 0.50 hours; 8/6/19-MBJ 0.50 hours; 8/7/19 MBJ 2.0 hours; 8/7/19 JFJ  0.50 hours; 8/12/19 MBJ .70 hours; 8/13/19  MBJ .50 hours; 8/20/19- JFJ .60 hours; 1/22/20- JFJ 1.0 hours

Plaintiff also billed 3.4 hours for the drafting on the amended complaint.[4] First, the Court notes that counsel would not have had to amend the complaint, if the initial complaint was sufficient to give Defendants adequate notice of a claim. Additionally, having reviewed both the initial and amended complaint, the Court finds that they are substantially similar as such, the hours billed for the amended complaint will be cut by 50% to 1.7 hours.

## 2. Opposition to Motion to Continue Submission Date and Motion for Conditional Certification

Plaintiffs' counsel concede that they filed a Motion for Conditional Certification and a Motion for Reconsideration, which were not granted, but argue that they should not be penalized for those actions. R. Doc. 114-1. Plaintiffs' counsel contend that they are obligated to represent their client zealously which does not mean that the pleading they filed was frivolous.

Defendants, on the other hand, contend that Plaintiffs' Motion to Conditionally Certify was woefully deficient as shown by the Court's denial of the request despite the "lenient standard." R. Doc. 120-2. Defendants contend that Plaintiffs failed to provide even modest factual support to show that similarly situated individuals existed. *Id*. Defendants also contend that after Plaintiffs filing of an ill-fated, ten-page Motion for Reconsideration of the Court's denial, offering untimely, two purportedly similarly situated employees of the Defendants', the Court denied the request. *Id*.

The Defendants further point out that despite their reasonable request, Plaintiffs' counsel unreasonably and unsuccessfully opposed extending the submission date on their Motion to Conditionally Certify. Plaintiffs' counsel do not address the objection to the Motion to Continue.

---

[4] 2/6/2020 MBJ 0.80 hours; 2/7/2020 MBJ 0.80hours; 2/10/2020 MBJ 1.5 hours; 2/12/2020 JFJ 0.30 hours.

The record shows that the Motion to Certify was filed on May 8, 2019 and the Defendants requested a brief continuance of two weeks.  According to the pleading, the Defendants attempted to contact the Plaintiffs two to three times but were unsuccessful. After being unsuccessful in getting their consent, they sought relief from the court.

Plaintiffs opposed the request for the two-week extension because the Defendants did not provide good cause. There was no apparent consideration to the short extension requested. The Court after considering the position of the parties granted the motion. Therefore, the time allocated to opposing the briefly continued briefing deadline will be excluded.

According to the Plaintiffs' brief they have exercised billing judgment to excluded 20.60 hours reflecting the time spent on that motion. However, they did not provide a listing of the corresponding billing entries. Additionally, the billing records indicate that hours in association with the Motion for Conditional Certification, the Motion to Reconsider, and opposition to the request for extension actually totaling 21.3 hours will be disallowed. [5]

### 3.  Discovery

Plaintiffs' counsel next point out that they exchanged initial written discovery and spent time drafting discovery requests which resulted in the production of a significant number of documents. R. Doc. 114-1. Plaintiffs' counsel contends that in reviewing the production they realized that the Defendants had inadvertently included privileged documents and immediately notified them allowing them to clawback the documents. *Id*. Plaintiffs' counsel suggest that they

---

[5] 4/14/20 MBJ 2.70 hours; 4/15/20 MBJ 1.00 hours; 4/20/20 MBJ .60 hours; 5/8/20 MBJ 3.00 hours; 6/3/20 JFJ 1.00 hours; 6/8/20 MBJ 2.70 hours; 7/23/20 JFJ 2.00hours; 7/24/20 JFJ+MBJ 3.00;  7/27/20 MBJ 3.20 hours; 8/7/20 MBJ .80 hours; 8/13/20 MBJ 1.30 hours.

"had to take six depositions" in this matter which included the two claimants. *Id*. Plaintiffs' counsel confirm that they deposed three Defendants, as well as, three other people identified by the Defendants as responsible for the implementation of payroll polices, recording hours, and ensuring that Plaintiffs were paid. *Id*. Plaintiffs acknowledge that their attorneys spent 158.3 hours on discovery matters. *Id*. at. 14.

The Defendants contend that the hours claimed by the Plaintiffs and their attorneys are not reasonable because they are excessive and do not reflect proper billing judgment. R. Doc. 120-2, p. 16. Defendants contend that despite the straightforward nature of the claims and having received the claimants pay records and timesheets, they insisted on deposing the company owners. One owner was deposed twice (30(b)(6) & individually) and the other once. The Defendants contend that the discovery did not increase the value or success of the case because the case settled for less than the amount proposed in the Offer of Judgment. Defendants also contend that counsels' fees increased by $42,730 in one month because of the "unnecessary discovery".

In assessing whether the deposition testimony taken after the Offer of Judgment aided the case, the Court finds that they do. For example, the Defendants filed a Motion for Summary Judgement at which point Plaintiffs' attorneys used the 30(b)(6) deposition of Avery Peterson to secure testimony that they did not pay Plaintiffs overtime and missed paying them on two occasions. *See* R. Doc. 88 (Order denying the request to dismiss these two claims); *See* Ex. A, p. 112-114, 116-117. Having determined that the depositions were necessary and appropriate, the Court will now review the entries.

14

The time sheets regarding the depositions are somewhat vague. While it appears that depositions were taken of Devona Green, Dayone Elliott, Avery Peterson, Ian Kennard, Darrian Elliott, and a 30(b)(6) took place, the entries for preparation do not correlate the prep time with the individual witnesses. Rather the problematic entries simply say, "Prepare for Deposition" or "Attended Depostion". Several of the entries were for the combined preparation by Plaintiffs' counsel which is inappropriate and qualifies as block billing. The Plaintiffs' attorneys billed 71.6 hours for unidentified deposition preparation or attending depositions.[6] The deposition transcripts show that both attorneys billed for preparation but only one lawyer for the Plaintiffs participated in either the 30(b)(6) deposition or the Plaintiffs' deposition. Therefore, the Court finds that these entries are not only duplicative, they are also vague. The Court finds that a 50% reduction is appropriate. Therefore, 35.8 hours are reasonable for the vague entries related to depositions.

### 4. Rule 68 Offer and Settlement Negotiations

Plaintiffs contend that Defendants repeatedly failed to take any steps to mitigate their potential exposure for liability for fees, despite repeated warnings that the fees were increasing. R. Doc. 120-2.  Plaintiffs point out that the Defendants were warned that the fees and costs were going to exponentially increase if the parties could not resolve the matter before taking multiple depositions. *Id*. Plaintiffs contend that they offered to resolve the matter and reduced their demand to approximately $30,000 for the claim and attorney's fees. *Id*. Instead Defendants made an offer of judgment of $17,750 for the claimants and reserved the fee issue for the Court to resolve. *Id*.

---

[6] 8/4/20 MBJ 2.00 hours; 8/6/20 JFJ 4.10 hours; 8/7/20 MBJ 1.40 hours; 8/10/20 JFJ 6.00 hours; 8/11/20 MBJ +JFJ 16.00 hours; 8/12/20 MBJ +JFJ 8.40 hours; 8/13/20 MBJ 3.2 hours; 8/13/2020 JFJ 9.5 hours; 8/14/20 MBJ + JFJ 14.00 hours; 8/17/20 MBJ 7.00 hours

The Defendants contend that they did not fail to mitigate their exposure to additional fees and costs because they made an Offer of Judgment on August 6, 2020 and reserved the question of attorneys' fees until the claimant's issues were resolved. R. Doc. 120-2. They proposed that the fee determination be resolved by contradictory motion, such as what the Court is doing now. *Id*. Moreover, the Defendants suggest that the Offer of Judgement was made before the depositions were taken and the claimants dispute ultimately resolved for less than the August 2020 offer. *Id*.

The Defendants also contend that the Plaintiffs' attorneys manufactured an excuse for not accepting the Offer of Judgment because they "believed they could turn this simple case into a larger class action." *Id*. at. 7. The Defendants contend that the explanation for declining the Offer of Judgment shifted to a rejection because it was provided in a "lump sum" with no explanation of the calculation or allocation between the Plaintiffs. *Id*. The Defendants argue that there is no requirement that an Offer of Judgment include calculations or allocations between the parties. *Id*. Additionally, the Defendants contend that the Plaintiffs' attorneys had access to the pay records and could easily determine the proportion of the settlement due each claimant. *Id*.

The record shows that six months passed between the time the Offer of Judgment was made and the case resolved for $17,356.12 which was $393.88 less than the amount the defendants offered in August 2020. While the Plaintiffs claim that they were not able to properly evaluate the offer, they do not explain why they were not able to. They acknowledge earlier in their submission that they acquired the wage and time records, so they were in a position to evaluate the loss their clients sustained.

Further, Defendants contend that they ultimately provided Plaintiffs with a breakdown on September 4, 2020 at which time the offer had expired or been revoked. The Plaintiffs point out that they were facing a discovery deadline of August 17, 2020 and needed to prepare for trial. R. Doc. 114-1. The record shows that the case settled on February 23, 2021 and the Trial was set on March 29, 2021.  R. Doc. 85 & 103. The Defendants therefore seek a percentage reduction because the additional work did not result in an increase in the recovery.

In considering this issue, the Court notes that the Offer of Judgment should not preclude all hours billed after its filing because additional work was warranted. For example, the Defendants filed a *motion in limine* on August 18, 2020 which required the Plaintiff to oppose the motion. R. Doc. 71. Having reviewed the 4.6 hours; the Court finds that these hours are reasonably billed. [7]

### 5.   <u>Vague Entries and Administrative Tasks</u>

The Defendants also contend that certain entries billed by the Plaintiffs' attorneys were vague. Having previously addressed the work on the depositions the Court has one additional entry, identified as "5/18/202-JFJ-Rule 37, prep and debrief-1.7 hours" to consider. *See* R. Doc. 120-2. The Court agrees that this entry is vague, and the 1.70 hours will therefore be disallowed.

Entries regarding telephone calls or communications with notations of, "8/6/2020-JFJ- Call with witness Keisha Forrester-0.90 hours," "5/20/2019-JFJ-Phone call from Atty John Robert Ellis-1.50 hours," and "7/14/2020-MBJ-Strategy re deposition dates-0.30 hours" are each vague. These entries which total 2.70 hours will be disallowed.

---

[7] *See* 8/23/20 MBJ 2.10 hours; 8/24/20 MBJ 1.30 hours; 8/25/20 MBJ 1.20 hours.  R. doc. 114-2.

Plaintiffs contend that they did not bill for basic administerial tasks and point to the 0.0 entries in the invoices. As a general rule, time that would not be billed to a client cannot be imposed on an adversary. *Levy v. Global Credit and Collection Corp. Eyeglass,* No. 10-4229, 2011 WL 5117855, *6 (D. N. J. Oct. 27, 2011). Thus, administrative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition." *Id*. Administrative tasks generally include, but are not limited to, opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk. *See*, *e.g*., *Id*.

The billing records show that Plaintiffs' counsel missed several administrative tasks and billed for them.  Plaintiffs' attorneys concede in the billing records that they billed for, "6/24/2019-JFJ-Drafted FOIA request-0.20 hours," "8/13/2019-MBJ-Filing an opposition to a motion to dismiss-0.50 hours," and "3/16/2020-MBJ-Drafting, circulating, filing a status report-0.50 hours." Additionally, they billed for, "4/10/2020-JFJ-Call Scheduling Order-1.00 hours, and "2/5/2021-JFJ-Pull deposition transcript portions for use at trial in 30(b)(6)-2.50 hours."

Further, the Plaintiffs indicate the Defendants attempted to dodge service. There are seven (7) time entries regarding service with time billed and three (3) without time billed.  The attorneys noted "3/19/219-MBJ-Follow up with process server re ducking service-0.70 hours," "4/12/2019-MBJ-Request summons for any employee due to ducking service-0.60 hours," "4/4/2019-MBJ-Communication with process server-0.70 hours," "4/29/2019-MBJ-Arrange for second service attempt due to ducking service-0.60 hours," "5/8/2019-MBJ-Followed up re service due to ducking service-0.50 hours."  Also, there was an entry for "6/13/2019-MBJ-Arranging for re-service due

to ducking service-0.50 hours." The arranging for service of a summons is clerical and therefore shall be disallowed.

The Court notes that the Defendants referenced additional entries as administrative however, the Court disagrees with their contention. Having already addressed entry "8/13/2019-MBJ-Filing an opposition to a motion to dismiss-0.50 hours," it will not be calculated in this total, therefore, the 7.80 hours will be disallowed for administrative tasks.  The total disallowed hours for vague and administrative task is 12.2.

### 6.   <u>Partial Summary Judgment and Rule 54(b) Certification</u>

Plaintiffs counsel generally contend that the work performed on the case was reasonable. The Defendants point out that after the Plaintiffs rejected the August 6, 2020 Offer of Judgment, the Defendants filed a motion seeking partial summary judgment on August 19, 2020.  The motion was granted in part on November 9, 2020 dismissing with prejudice Plaintiffs' claims under the FLSA related to alleged improper deductions and kickbacks. Also dismissed was Plaintiff Fleming's claim under the WPA for Defendants alleged failure to pay him at the applicable overtime rate.

After being dissatisfied with the result and missing the deadline for filing a motion to reconsider, the Plaintiffs instead moved for a Rule 54(b) certification of the Court's Order to secure interlocutory review of that ruling.

The record shows that the Rule 54(b) was filed and for some unknown reason never ruled upon by the Court. It could not have benefitted the case because it seemingly was overlooked by

the Court. R. Docs. 93, 95, 99. Further, three months later the case settled.  R. Doc. 103. Therefore, these 3.30 hours[8] will be excluded.

### D. <u>Plaintiffs' Counsel and Entry Level Work</u>

Defendants next contend that the 11.3 hours billed for reviewing the Defendants document production was routine entry level work and should have been billed at a reduced rate. However, having considered these entries the Court finds that this work is more appropriately billed at $120.00 hour.

In *In Re Educ. Testing Serv. Praxis Principles of Learning & Teaching, Grades 7-12 Litig.*, 447 F. Supp. 2d 612 (E.D. La. 2006), when setting the reasonable rate, District Judge Vance used a blended rate. In so doing, she noted that the blended rate reflected "that not all of the work involved should have been performed by the highest-level attorneys." *Id.* at 633. She further observed that "given the stage of the proceeding, most of the legal work before settlement involved tasks such as research, drafting, and document review, which reasonably should have been performed by associate-level attorneys." *Id.*

The Court further observes that Plaintiffs' attorneys engaged in paralegal work which is also more appropriately billed at $120.00 hour. Examples include the following entries: "7/31/2020-JFJ-Pulled and reviewed documents for use in deposition-0.40 hours," "8/9/2020-JFJ-Finalize pulling all documents for use in depositions all week and give to court reporter- 2.30 hours,"  "8/14/2020-JFJ-Provide court reporter with additional documents for use at depositions-

---

[8] 12/3/20 MBJ 2.10hrs; 12/8/20 MBJ 0.60hours; 12/21/20 MBJ 0.60hours

0.30 hours," "2/5/2021-JFJ- Pull deposition transcript portions for use at trial in 30(b)(6) deposition- 2.50 hours." The following entry, "2/5/2021- JFJ- Pull deposition transcript portions for use at trial in 30(b)(6) deposition- 2.50 hours," has already been disallowed and will not be considered here. Therefore 14.3 hours will be billed at $120.00 per hour given the nature of the work performed.

### E. **Block Billed Entries**

Plaintiffs contend that they have not engaged in block billing, because they did not bill blocks of time for accomplishing several discrete and unrelated tasks. R. Doc. 127. Plaintiffs' counsel further contends that while some entries cover multiple tasks, they did not enter "the total daily time spent working a case, rather than itemizing the time expended on specific tasks." *Id*. Plaintiffs' counsel further contend that while some of their entries consist of the phrase "legal research" or usage of the word "prepare" that their entries clearly show what was researched drafted or reviewed which allows the Court and opposing counsel to ascertain how much time was spent on which activity.

Defendants contend that Plaintiffs' counsel included numerous block-billed entries which makes it impossible for the Court to determine the reasonableness of the hours spent on each task. The Defendants contend that the block-billed entries should be reduced. *See Verizon Business Global LLC v. Hagan,* No-07-0415, 2010 WL 5056021, (E.D. La. Oct. 22, 2010). The Defendants point out that the Plaintiffs' counsel routinely block billed administrative and clerical work with substantive work. The Court will proceed with its review of the alleged block billed entries.

### a. **Administrative and Substantive Work Combined**

The Defendants contend that the following time records were blocked billed:

| 3/13/2019 | MBJ | Finalize and transmit FWPA letter | 0.50 | $175.00 |
|---|---|---|---|---|
| 3/22/2019 | JFJ | Prep reply to D re Demand letter, receive reply | 0.50 | $175.00 |
| 3/16/2020 | MBJ | Drafted, circulated and filed status report | 0.50 | $175.00 |

| 6/8/2020 | MBJ | Draft and file Reply Brief mtn for Cert | | 2.70 | $945.00 | |
| 5/8/2020 | MBJ | Finalize and file motion for conditional certification | | 3.00 | $1,050.00 | |
| 6/4/2020 | MBJ | Edit and Circulate status report | | 0.30 | $105.00 | |
| 7/31/2020 | JFJ | Pull and review documents for use in depositions - BATES 126 - 130, 1620-1626 ,1634 -2865 | | 0.40 | $140.00 | |
| 8/6/2020 | JFJ | Draft 30b6 Outline, pull all exhibits for use, confirm email correspondence for use, prep Ellis emails for use, provide video link for deposition | | 4.10 | $1,435.00 | |
| 8/20/2020 | JFJ | Download Jones Exhibits for deposition provided by D, review and notes to MBJ | | 0.70 | $245.00 | |
| 8/25/2020 | MBJ | Finalize and file opposition to MIL | | 1.20 | $420.00 | |
| 8/25/2020 | MBJ | Finalize and file opposition to MSJ | | 6.30 | $2,205.00 | |
| 11/25/2020 | MBJ | Draft and circulate status report | | 0.50 | $175.00 | |
| 12/8/2020 | MBJ | Finalize and file motion to certify judgment | | 0.60 | $210.00 | |
| 2/19/2021 | JFJ+MBJ | Prep and send reply letter re settlement | | 1.00 | $350.00 | |

A review of the records confirm that Plaintiffs' counsel combined administrative time with lawyer time but did not distinguish between the two. Consequently, it is difficult for the Court to determine how much time was allocated to which activity. However, the Defendants also seemingly attack entries that were previously disallowed and will not be considered here. [9] Therefore, the combined administrative and legal work which total 11 hours will be discounted by 35% to 7.15 hours.

### b. **Research and Substantive Work Combined**

Plaintiffs' attorneys contend that even though their time sheets include the usage of terms such as "prepare" or "legal research" or "review," this does not mean that the entry falls within the purview of lacking the exercise of billing judgment. R. Doc. 127. They further contend that there was no risk that the Defendants were confused or unable to tell the activities which they billed for as they devote significant time to advise the Court about the entries and what they relate to. They contend further that any suggestion that these entries should be reduced for blocked billing, vagueness or lack of discretion is "blatantly without merit". *Id.*

The contested entries are as follows:

| 7/23/2020 | JFJ | Research inerlocatoery appeal | | 2.00 | $700.00 |
| 8/23/2020 | JFJ | Research for opposition to Ds MSJ | | 4.40 | $1,540.00 |
| 8/23/2020 | MBJ | Research, draft, review and revise opposition to motion in limine | | 2.10 | $735.00 |
| 8/23/2020 | MBJ | Research, draft, review and revise opposition to MSJ | | 3.40 | $1,190.00 |
| 8/23/2020 | JFJ | Research for opposition to Ds MSJ | | 1.10 | $385.00 |
| | | | | | |
| 3/21/2021 | JFJ | Research and strategy on fee issue | | 1.80 | $630.00 |

---

[9] The court further notes that the following entries were challenged previously by the Defendants and therefore not included in this portion of the analysis: 3/16/2020 MBJ .50 hours, 5/8/20 MBJ 3.00 hours, 6/8/20 MBJ 2.70 hours. 7/31/2020 JFJ .40 hours; 8/6/20 JFJ 4.10 hours, 12/8/20 MBJ 0.60 hours. .

A quick review of these entries confirm that the entries were either relatively vague or that block billing occurred. For example, there is no indication of the issue that was researched in opposing the summary judgment or the *motion in limine*. Further, it is unclear just what the issue that was researched regarding the interlocutory appeal or the motion for attorneys' fees.  It also is not lost on the Court that given the years of the Plaintiffs' attorneys experience in submitting fee applications that their knowledge of the law regarding the same should have been pretty solid except for nuanced issues.  Having addressed, "7/23/2020-JFJ-Research interlocutory appeal- 2.0 hours," it is not taken into consideration here. The total hours billed for the contested research equals 12.8 hours and will be discounted by 35%. The discounted hours to be allowed equal 8.32 hours.

### c.  <u>Myriad of other tasks contested</u>

Defendants next contest a myriad of other entries purportedly because they are blocked billed.

| 8/7/2020 | JFJ | Receive and review Elliott Request for 30(b)(6) Conference and Objections, prepare response to objections | 0.80 | $280.00 |
| 8/10/2020 | JFJ | Deposition prep for Devona Green, Dayone Elliott, Avery Peterson, Ian Kennard, Darrin ELliott and 30(b)(6) | 6.00 | $2,100.00 |
| 8/10/2020 | JFJ | Prepared Daphne Fleming and Brintney Jones for deposition | 2.00 | $700.00 |
| 8/10/2020 | JFJ | Receive offer of judgment from D, discuss with clients, provide written reply | 1.10 | $385.00 |
| 8/11/2020 | MBJ+JFJ | Prepared for and attended depositions | 16.00 | $5,600.00 |
| 8/12/2020 | MBJ+JFJ | Prepared for and attended depositions | 8.40 | $2,940.00 |
| 8/13/2020 | JFJ | Review and notes on Exhibits produced by D for use at plaintiff depositions | 0.40 | $140.00 |
| 8/14/2020 | MBJ+JFJ | Prepared for and attended depositions of Ds witnesses | 14.00 | $4,900.00 |
| 8/28/2020 | JFJ | Receive from the judge, Defendants stated breakdown  for amount owed, spoke to both clients regarding debrief of settlement conference and plan going forward, received new settlement authority for Jones | 0.60 | $210.00 |
| 9/4/2020 | JFJ+MBJ | Strategy and email to defendants regarding Jones acceptance of wages portion of offer | 0.80 | $280.00 |
| 9/29/2020 | JFJ | Review MBJ Draft of Release Docs for Jones , note to file | 0.80 | $280.00 |
| 11/30/2020 | MBJ | Correspondence with defense counsel re status report; strategy and edits to same | 0.70 | $245.00 |
| 11/30/2020 | JFJ | Research Rule 38. Right to a Jury Trial; Demand, reply to Defendant emails regarding same | 1.40 | $490.00 |

| Date | Atty | Description | Hours | Amount |
|---|---|---|---|---|
| 2/28/2019 | MBJ | Draft, review and revise complaint and final wage payment letter | 1.70 | $595.00 |
| 2/28/2019 | JFJ | Edits to Complaint / Inital ltr | 0.50 | $175.00 |
| 7/26/2019 | JFJ | Review and notes to file - MOTION to Dismiss for Failure to State a Claim | 0.50 | $175.00 |
| 1/22/2020 | JFJ | Review and notes to MBJ - ORDER granting [11] Motion to Dismiss for Failure to State a Claim, as set forth in document | 1.00 | $350.00 |
| 3/2/2020 | JFJ | Call with Brandon Davis re Extension, notes to file | 0.30 | $105.00 |
| 3/3/2020 | JFJ | Finalize Plaintiffs' Initial Disclosures and First Set of Interrogatories | 0.50 | $175.00 |
| 3/14/2020 | JFJ | Analysis and notes to file re Rogs and RFPs to P | 0.30 | $105.00 |
| 3/16/2020 | JFJ | Review Answer, notes to file, review Joint status report, D inserts, confirmation will file | 0.50 | $175.00 |
| 4/3/2020 | JFJ | Review 300 bats stamped docs, notes to file, Defendants' Responses to Fleming et al.'s Written Discovery Requests | 2.10 | $735.00 |
| 4/13/2020 | JFJ | Review D 408 ltr, produce all P documents to D | 1.10 | $385.00 |
| 5/13/2020 | JFJ | Analysis of NOTICE by Darrin Elliott, Sr, Elliott Security Solutions, LLC, Ian Kennard of Judgment in Related Proceeding, strategy regarding same | 0.30 | $105.00 |
| 5/18/2020 | JFJ | Rule 37, prep and debrief. | 1.70 | $595.00 |
| 5/18/2020 | JFJ | Confirm status report due date, New voicemail from BRANDON DAVIS | 0.20 | $70.00 |
| 6/10/2020 | MBJ | Draft supplemental discovery responses; call with client re same | 2.80 | $980.00 |
| 7/2/2020 | JFJ | Pre and call - Rule 37 on priviledge log | 0.20 | $70.00 |
| 7/29/2020 | JFJ | Setlement discussion and Damages analysis | 2.00 | $700.00 |
| 7/31/2020 | MBJ | Draft, review and revise Witness and Exhibit List | 3.70 | $1,295.00 |
| 7/31/2020 | JFJ | Emails and call with John Ellis re Witness in Case, notes to file and MBJ | 1.70 | $595.00 |
| 8/1/2020 | JFJ | Review D W/E List, notes to MBJ, file | 0.40 | $140.00 |
| 8/4/2020 | JFJ | Receive New Offer of Judgment, call with clients on same/response | 0.50 | $175.00 |

Again, a review of these entries confirm that the Plaintiffs' attorneys engaged in multiple tasks per entry. For example, the entry on March 3, 2020 by JFJ indicates, "Finalize Plaintiffs' Initial Disclosures and First Set of Interrogatories," has a time entry was 0.50 hours however, it is unclear how much time was spent on each discreet task. Another example is the entry for August 10, 2020 by JFJ, "Deposition prep for Devona Green, Dayone Elliott Avery Peterson, Ian Kennard, Darrin Elliott and 30(b)(6)," with a time entry of 6.0 hours. The manner in which this entry was fashioned makes it impossible to determine the length of time it took to prepare for each deposition. The other entries highlighted above likewise have combine tasks but only one-time entry. The total hours for the myriad of tasks is 25.2 hours which will be discounted by 35% for a total of 16.38 hours.[10]

### F.   **Attorney's Fees Hours**

---

[10] The Court has previously addressed the following entries: 2/28/2019 MBJ 1.70 hours; 2/28/2019 JFJ 0.50 hours; 7/26/2019 JFJ 0.50 hours; 1/22/2020 JFJ 1.00 hours; 5/18/2020 1.7 hours; 8/10/2020 JFJ 6.00 hours; 8/11/2020 MBJ +JFJ 16.00 hours; 8/12/2020 MBJ+ JFJ 8.40 hours; 8/14/2020 MBJ+JFJ 14.00 hours

Plaintiffs contend that the hours they billed for their work was appropriate. They contend that Defense counsel billed for similar services but, they do not have the Defendants' invoices to compare the entries.

The Defendants contend that the Court should exercise its discretion to reduce or eliminate fees related to time spent litigating the fee request. The Defendants point out that a comparison between the hours spent on the merits and the hours spent on the fee petition is a factor to be considered. They further point out that the Plaintiffs' counsel spent more time on the fee motion than any substantive motion. For example, the Defendants point out that the Plaintiffs' attorneys spent 17 hours on the fee motion and only 7.9 hours on their Motion for Conditional Certification and 9.5 hours on their Motion for Reconsideration; both of which were unsuccessful.[11] Noticeably absent from the Defendants' analysis is the fact that the Plaintiffs' attorneys spent 21.5 hours defending against the defendants Motion for Partial Summary Judgment.[12] R. Doc. 73.

The record shows that the Motion for Attorney's Fees consisted of 23 pages and thirty exhibits. *See* R. Doc. 114.  The original application required the preparation of affidavits for the lawyers and it included the references to cases they have handled establishing their expertise in handling FLSA matters. The record also shows that the Defendants challenged as many entries as possible warranting a reply from the plaintiffs which was 10 pages. R. Doc. 127.

In reviewing these entries, the Court first takes note of Plaintiffs' counsel extensive experience in handling FLSA matters. Additionally, Plaintiffs' counsel has experience with fee applications having filed a Motion for Attorney's Fees *DeIvory, et.al v. Manhattan Management,*

---

[11]

| 3/21/2021 | JFJ | Research and strategy on fee issue | 1.80 | $630.00 |
| 5/18/2021 | MBJ | Draft, review and revise Motion for Fees | 3.20 | $1,120.00 |
| 5/20/2021 | MBJ | Draft, review and revise Motion for Fees | 4.10 | $1,435.00 |
| 5/22/2021 | MBJ | Draft, review and revise Motion for Fees | 6.00 | $2,100.00 |
| 5/23/2021 | MBJ | Draft, review and revise Motion for Fees | 1.90 | $665.00 |

[12] 08/23/20 JFJ 4.40 hours; 08/23/20 MBJ 3.40 hours; 08/23/20 JFJ 1.10 hours; 08/24/20 MBJ 5.50 hours; 08/25/20 MBJ 6.30 hours; 08/25/20 JFJ .80 hours.

14-2623(B)(2). R. Doc 95-1 (No. 14-2623). When comparing the two motions, the Court finds

similarities, including, passages that are substantially similar or the same. As such, the Court finds

that time billed for this motion was excessive.  Having already addressed the 1.80 hours Plaintiff's

counsel spent researching the fee issues, it will not be considered here. Therefore, the Court will

reduce the 15.2 hours spent on the Motion for Attorney Fees by 50% to 7.6 hours.

### G.   <u>Duplicative Work</u>

Next, the Defendants contend that Mr. Jackson ("JFJ") and Mrs. Bubbett Jackson ("MBJ")

on occasion performed duplicative work. R. Doc. 120-2. The Defendants contend that the amount

of time associated with both lawyers has been doubled. The Defendants contend that not a single

entry which lists "JFJ + MBJ" includes an odd number and the time billed for depositions were

doubled; therefore, the time for their duplicative work should be reduced.[13]

The Court notes that when a party chooses two attorneys to represent it in a lawsuit, the

opposing party is not required to pay for duplicative work incurred by the attorneys. *Riley v. City

of Jackson*, 99 F.3d 757, 760 (5th Cir.1996). Duplicate billing under a fee-shifting statute is not

per se unreasonable, as long as the award for time spent by two or more attorneys "reflects the

---

[13]

| 2/26/2019 | JFJ+MBJ | Strategy - Totality of claims to add to suit | 1.20 | $420.00 |
| 4/8/2019 | JFJ+MBJ | Strategy re - alternate home(?) addresses on the SOS website after 6:00 due to ducking service. | 0.40 | $140.00 |
| 3/12/2020 | MBJ+JFJ | Call with oposing counsel re potential for settlement | 0.80 | $280.00 |
| 5/7/2020 | JFJ+MBJ | Joint review of Review of D - Defendants' Written Responses | 2.80 | $980.00 |
| 6/10/2020 | JFJ+MBJ | Strategy re Data NOT produced by D | 0.80 | $280.00 |
| 7/24/2020 | JFJ+MBJ | Strategy - Motion to Reconsider / Appeal | 3.00 | $1,050.00 |
| 8/10/2020 | JFJ+MBJ | Strategy re Motions to file to meet upcoming deadlines | 0.80 | $280.00 |
| 8/11/2020 | MBJ+JFJ | Prepared for and attended depositions | 16.00 | $5,600.00 |
| 8/12/2020 | MBJ+JFJ | Prepared for and attended depositions | 8.40 | $2,940.00 |
| 8/14/2020 | MBJ+JFJ | Prepared for and attended depositions of Ds witnesses | 14.00 | $4,900.00 |
| 8/27/2020 | MBJ+JFJ | Participated in settlement conference with magistrate | 13.00 | $4,550.00 |
| 9/4/2020 | JFJ+MBJ | Strategy and email to defendants regarding Jones acceptance of wages portion of offer | 0.80 | $280.00 |
| 10/13/2020 | MBJ+JFJ | Call with defense counsel re potential for settlement | 1.80 | $630.00 |
| 10/26/2020 | JFJ+MBJ | Settlement Conference with Magistrate re Jones Acceptance | 1.20 | $420.00 |
| 2/10/2021 | JFJ+MBJ | Joint Strategy Session on trial prep | 2.20 | $770.00 |
| 2/11/2021 | JFJ+MBJ | Analysis of amounts offered to Ps, Wage payment and FLSA award broken out | 0.80 | $280.00 |
| 2/19/2021 | JFJ+MBJ | Prep and send reply letter re settlement | 1.00 | $350.00 |

distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Thomas v. Frederick*, No. 87-1950, 1992 WL 17273, *1 (W.D. La. Jan. 29, 1992)(citing *Johnson v. University of University of Alabama*, 706 F.2d 1205, 1208 (11th Cir. 1983) ); *Alfasigma USA, USA, Inc. v. EBM,* 2018 WL 3869496 ( E.D. La. Aug. 15, 2018). Time charged for work that is "excessive, duplicative, or inadequately documented" should be disallowed. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993).

Generally duplicate billing is not per se unreasonable, however the entries made by Plaintiffs' counsel make it impossible to assess each of their individual contributions to the work identified in the entry. It is also highly unlikely that they always worked the equal amount of time on every task. Several of the entries that the Defendants seek to have discounted were already discounted earlier in this opinion, consequently, these will not result in further discounting of these entries. However, the remaining entries totaling 25.8 hours will be discounted by 50% to 12.9 hours because it is impossible to separately determine the contribution of each attorney. [14]

## H.    <u>Excessive or Irrelevant Time</u>

The Plaintiffs do not address the issue of excessive or irrelevant time. The Defendants contends that Plaintiffs' counsel spent an inordinate amount of time on certain simple tasks and billed on unrelated matters. The Defendants contend that the Plaintiffs' attorneys billed time for an unidentified third claimant and in another entry call from Jerome Batiste.[15] The Defendants also contend that on March 2, 2020, MBJ spent too much time (3.00 hours) drafting a discovery requests despite their experience. Finally, Defendants contend that on July 2, 2020, MBJ spent too much time (2.50 hours) drafting a three-page unopposed motion. The Court also notes that

---

[14] 2/26/19 JFJ+MBJ 1.20 hours; 4/8/19 JFJ+MBJ 0.40 hours; 3/12/20 JFJ+MBJ 0.80 hours; 5/7/20 JFJ+MBJ 2.80 hours; 6/10/20 JFJ+MBJ 0.80 hours; 8/10/20 JFJ+MBJ 0.8 hours; 8/27/20 MBJ+JFJ 13.00 hours; 10/13/20 MBJ+JFJ 1.80 hours; 10/26/20 JFJ+MBJ 1.20 hours; 2/10/21-JFJ+MBJ 2.20 hours; 2/11/21 JFJ+MBJ 0.80 hours
[15] 02/8/19 JFJ .60 hours and 07/23/19 .40 hours.

Plaintiff's counsel pent 6.8 hours drafting responses to discovery on 4/13/2020.  Therefore, these entries consisting of 13.3 hours should be reduced or eliminated because they do not reflect proper billing judgment. The Court will discount the entries dated April 13, 2020, July 2, 2020, July 23, 2019, and February 8, 2019 by 50% to 4.9 hours but not the time allocated regarding discovery March 2, 2020 of 3.00 hours.

    **I.**    <u>Calculation of Reasonable Fee</u>

| Billing Attorney | Hours | Rate Claimed | Claimed as reasonable |
|---|---|---|---|
| MBJ | 128.40 | 350.00 | 44,940.00 |
| JFJ | 95.5 | 350.00 | 33,425.00 |
| MBJ+JFJ | 69 | 350.00 | 24, 150.00 |
| Total- Pre-Adjustment | 292.9 | | 102,515.00[16] |

| Hours Billed less Deductions | Hours | Reasonable Rate | Reasonable Fee |
|---|---|---|---|
| **Hours billed** | *292.90* | 300.00 | $87,870.00[17] |
| Complaint, Amended Complaint & Mtn to Dismiss | -12 | | -3,600.00 |
| Opposition to Extend Sub Date and Motion for Conditional Certification | -21.3 | | -6,390.00 |
| | -35.8 | | -10,740.00 |

---

[16] Plaintiffs' counsel original fee request without the addition of costs was $95,305. This included a deduction of 20.6 hours for the alleged exercise of billing judgement. However, counsel did not provide the Court with a delineation of what costs were excluded, as such, the hours will not be taken into consideration.

[17] Hours on total claimed at reasonable rate of $300.00 per hour before deductions.

| Discovery | | |
| --- | --- | --- |
| Rule 68 Offer & Settlement Negotiations | -0 | -0 |
| Vague Entries & Administrative Tasks | -12.2 | -3,660.00 |
| Partial Summary Judgment & Rule 54(b) | -3.30 | -990.00 |
| Administrative & Substantive Work | -3.85 | -1,155.00 |
| Research and Substantive Work Combined | -4.48 | -1,344.00 |
| Myriad of other Tasks | -8.44 | -2,532.00 |
| Attorney Fees' Motion | -7.6 | -2,280.00 |
| Duplicative Work | -12.9 | -3,870.00 |
| Excessive or Irrelevant | -4.90 | -1,470.00 |
| Entry level Work (120.00 per hour) | 14.30 | -3,289.00 |
| **Total** | **166.13** | **$ 46,550.00** |

### J.     The Johnson Factors

The Plaintiffs contend that reduction of their fees should not occur solely because of the amount of the ultimate settlement. The Plaintiffs further contend that the Defendants failed to acknowledge that from August 27, 2020 to February 2021 there was no settlement on the table. Prior to August 27, 2020 settlement conference, there was no settlement offer that could reasonably be evaluated by the plaintiffs. R. Doc. 114-1. The Plaintiffs further contend that no justification exists to adjust the lodestar determination because adjustments should be done in truly exceptional cases. *Id*. Further, according to the Plaintiffs the majority of the work they performed was driven

by the Defendants' own motions or positions forcing them to proceed with trial preparation because they refused to extend a settlement offer.

Additionally, the Plaintiffs contend that they recovered more than Defendants initial $8,000 in global offer. They further point out that while Britney Jones accepted less than the breakdown provided by the Defendants during their Offer of Judgment, her personal life changed, and the pandemic affected her financial condition such that she decided to accept the offer. R. Doc. 114-1. Plaintiffs also point out that Daphne Fleming recovered all of his claimed unpaid wages and approximately 55% of his claim penalties. *Id*.

The Defendants contend that the lodestar should be significantly decreased because the Plaintiffs rejected a $17,750 Offer of Judgment made on August 6, 2020 which exceeds the amount they eventually recovered. They point out further that Plaintiffs only recovered $17,356.12 for their clients but now seek an attorney's fee award of $99,109.54.

The Defendants contend that the Plaintiffs' requests for attorneys' fees is greatly disproportionate to the amount to their recovery. According to the Defendants the fees sought are more than five and one-half times the amount of their actual recovery and that consideration should be given to the results obtained relative to the fee award. Consequently, the Defendants contend that the court should "greatly reduce the attorneys' fees awarded to plaintiff so that the attorneys' fees award is proportionate to the amount of their actual recovery.

After calculating the lodestar, the Court may adjust the lodestar based on the factors set out in *Johnson v. Georgia Highway Express, Inc*. 488 F.2d 714 (5th Cir. 1974). Again, those factors are: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results

obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. This Court has recognized that "[t]he most critical factor in determining an attorney's fees award is the 'degree of success obtained.'"

It is undisputed that the case actually settled for $393.88 less than the amount offered in the August 6, 2020 Offer of Judgment. The Defendants suggest that this fact should greatly influence the Court's reasonable fee determination. However, the Fifth Circuit, has routinely "emphasized that 'there is no per se requirement of proportionality in an award of attorney fees.' " *Combs v. City of Huntington*, Tex., 829 F.3d 388, 396 (5th Cir. 2016) (quoting *Branch-Hines v. Hebert*, 939 F.2d 1311, 1322 (5th Cir. 1991)) (and collecting decisions). The Circuit Court has also held that "[W]hile the district court must take the degree of success obtained into account; it would be an abuse of discretion for the district court to reduce [the] attorney's fee award solely on the basis of the amount of damages obtained."). *Black v. SettlePou, P.C.* 732 F.2d 492 (5th Cir., Oct. 11, 2013).

The Circuit Court has further held that "the most critical factor in determining an attorney's fee award is the degree of success obtained." *Id. at 799* (citing *Singer v. City of Waco*, Texas, 324 F.3d at 829 ( 5th Cir. 2003)) (internal quotations omitted); *Ransom v. M. Patel Enterprises Inc.*, 734 F.3d at 387–88, 2013 WL 4402983, at *9. However, this Court has also held that "[w]hile a low damages award is one factor which the court may consider in setting the amount of fees, this factor alone should not lead the court to reduce a fee award." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d at 799; accord Singer, 324 F.3d at 830; *Hollowell v. Orleans Reg'l Hosp. LLC*, 217 F.3d 379, 392 (5th Cir.2000).

However, Rule 68 requires fee reductions in some settings after a formal Offer of Judgment; the fee statute permits fee reductions for all manner of reasons, including if a prevailing

party could have won more had he settled the case. Rule 68 tells us nothing—either way—about whether spurned settlement offers, combined with other factors, warrant a fee reduction, or whether a less-than-complete discount might be appropriate. *See McKelvey v. Secretary of U.S. Armym*, 768 F.3d 491 (6th Cir. 2014).

Rule 68 does not apply to such settlement offers but it does apply to judgments. Yet the Court's discretionary authority to determine the defendant's measure of success may still warrant a fee reduction when a comparison between the benchmark of a settlement offer and the award makes that appropriate. *Id*.

The Third Circuit has taken a similar route. In *Lohman v. Duryea Borough*, the District Court reduced the lodestar by about half in part because the plaintiff rejected a settlement offer much larger than the ultimate damage award. 574 F.3d 163, at. 166. (3rd Cir. 2009).  In turning the argument aside, the Court of Appeals reasoned that Rule 68 creates a "formal process" designed to encourage settlement by allowing defendants to limit their litigation costs. *Id*. at 168. The rule says nothing at all, the Court held, about determining the Plaintiffs' degree of success, which is one measure of an appropriate fee. The Court noted that it failed  "to see how the existence of this Rule and availability of this strategic mechanism for limiting one's costs should preclude a district court from considering informal negotiations for the unrelated purpose of determining the extent of relief sought by a plaintiff."  *Id*.

This case, however, involves the FLSA fee-shifting provision, which defines "attorney's fees" separately from "costs." *See* 29 U.S.C. § 216(b) (allowing "a reasonable attorney's fee to be paid by the defendant, and costs of the action"). Thus, Rule 68 does not preclude a fee award in FLSA cases, despite the prevailing plaintiffs' previous rejection of a better offer. *See, e.g*., 12 WRIGHT, MILLER & MARCUS § 3006.2 ("If the underlying fee-shifting statute does not define attorneys' fees as a part of costs, the making of a Rule 68 offer does not automatically cut off

plaintiffs' right to seek a fee award for post-offer legal work."). In *Gurule v. Land Guardian, Incorporated,* the Fifth Circuit found persuasive that the past services of an attorney does not benefit the case when there is a rejected settlement offer that exceeds the ultimate recovery. 912 F. 3d 252 (5th Cir. 2018)

In considering the final settlement compared to the Rule 68 Offer of Judgment, the *Gurule Court* found that the Court's opinion expressly considered the amount and timing of Gaslamp's initial and subsequent offers, noted "the gap between Plaintiffs' expectations and reality" shown by their response to those offers, and for that reason criticized Gurule's counsel for failing to exercise "good judgment in obtaining successful results." The Court thus appropriately factored the rejection of Gaslamp's better offers into its 60 percent downward adjustment of the lodestar. *Id.* In so doing, the Court observed the attorneys fee awarded in *Gurule* was *thirty-three times Gurule's net reovery* without offsetting for costs, the award was still eleven times her damages.

In this case, the Offer of Judgment was made on August 6, 2020. R. Doc, 114-5.  On August 10, 2020, Mr. Jackson expressed, by email to Defense counsel, their disinterest in the Offers of Judgment in this matter and instead made a counteroffer for Mr. Fleming of $18,276.74 and $11,607.19 for Ms. Jones.  At the time of this communication, Mr. Jackson indicated that their fees in costs were $29,452.54.  R. Doc. 114-6.  The next day depositions took place and motion practice ensued. On August 20, 2020, Mr. Jackson advised that the portion of their offer regarding their fees and costs were revoked and that they would be updating their expenses to reflect the hours expended on depositions and the recent motions. R. Doc. 114-13.

The next correspondence from the Jacksons' reflected a fee and cost adjustment to $72, 182.54. Their clients' demands however were largely the same. Flemings demand was $18, 294.91 and Jones demand was $11,630.75. On September 1, 2020, the Jacksons' requested a settlement offer breakdown after one of the many settlement conferences conducted by the undersigned. R.

Doc. 114-15. The Defendants responded with a total for Flemings of $9,961.16 and for Jones $7,788.84 for a total of $17,750.00.  R. Doc. 114-17.

At some later point confusion developed regarding whether Britney Jones' settlement was reached. The records show that the Plaintiff tried to accept a previously rejected offer after a settlement conference. R. Doc. 114-23. The Defendants responded indicating that no such settlement was reached, and the Court record confirmed such. *Id*. The depositions did not move the needle regarding the value of the case although they did aid in the defense against the motion for summary judgment which would not have been necessary if the offer had been received.

Considering the events as described above the Court finds that a 20% reduction is appropriate which reduces the award of attorney's fees to $37,240.00.

### K.      Costs

Plaintiffs also request $3,804.54 in costs related to: (1) filing fee ($400), (2) Multiple Service Attempts ($540), (3) Parking and Mileage ($12.54), and (4) Deposition Costs ($2,852). Plaintiffs contend that these expenses are reasonable out-of-pocket costs.

The Defendants contend, however, that the Plaintiffs are not entitled to recover theses costs because only costs as detailed in §1920 absent explicit statutory or contractual authorization to the contrary are recoverable. Defendants contend that the Plaintiffs may not recover the costs related to service attempts made by a private process server because they fail to provide evidence of an invoice by the private process server and do not indicate the number of service attempts and should be disallowed.

Federal Rule of Civil Procedure 54(d)(1) provides that the Court may award costs other than attorneys' fees to the prevailing party. A plaintiff is a "prevailing party" if the party "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Abner v. Kansas City Southern Ry. Co.*, 541 F.3d 372, 382 (5th Cir. 2008)

(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  The Supreme Court has held that only costs identified in Section 1920 may recover the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

"A party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a certain item was 'necessarily obtained for use in the case.'" *Big Lots Stores,* 639 F. Supp. 2d at 709 (quoting *Fogleman v. ARAMCO,* 920 F.2d 278, 285-86 (5th Cir. 1991).

The record shows that Plaintiffs included what appears to be a service journal of the attempts made by the private process server. However, the documentation does not contain an invoice from the process server for each attempted failed service. Therefore the $540 for process service fee will be disallowed.

The Plaintiffs also seek to recover for the $400 filing fee. Although no documentation of this costs was provided, the record confirms that a fee of $400 was paid and reimbursement of this expense will be allowed. R. Doc. 1.

The Plaintiffs also seek to recover $2,852.00 for deposition costs. While it is undisputed that certain depositions took place, the Plaintiffs have failed to provide evidence substantiating the costs incurred. In the absence of such evidence these costs will be disallowed.

Like the deposition costs and service attempts, the Plaintiffs seek to recover for parking and mileage ($12.54). Again, the Plaintiffs fail to provide any documentary proof substantiating these costs. Consequently, the Court is constrained to disallow the mileage and parking expense.

The Court having considered the issue finds that $400.00 in costs are reasonable based upon the evidence provided.

Accordingly,

## IV.   **CONCLUSION**

**IT IS THEREFORE ORDERED THAT** the Plaintiffs' Motion to Fix Attorney's Fees and Costs is Granted. The Plaintiffs are entitled to recover a total of $37,240.00 in attorney's fees and $400.00 in cost for a total award of $37,640.00.

**IT IS FURTHER ORDERED** that compliance with this order shall take place no later twenty-one (21) days from the signing of this order.

New Orleans, Louisiana, this 21st day of October 2021,

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**